# DECISIONS

OF THE

# Court of Appeals of Kentucky

## WINTER. TERM, 1916.

### Van Hooser, et al. v. Atkinson, et al.

(Decided January 19, 1916.)

### Appeal from Christian Circuit Court.

Costs—Failure to Execute Bond for Costs—Section 616 Civil Code.—A failure to execute a bond for costs by a non-resident plaintiff, after reasonable opportunity allowed by the court, is ground for the dismissal of his action without prejudice under the provisions of section 617 of the Civil Code.

JOE McCARROLL and HENDRICK & NICHOLS for appellants.

S. P. WHITE, C. H. BUSH, BERNARD ATKINSON and IRA D. SMITH for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On the 18th day of May, 1912, appellee, Bernard Atkinson, filed a suit asking for damages against J. F. VanHooser in the Christian Circuit Court, alleging grounds of attachment, and a general order of attachment was issued and served upon L. V. Wells and Carrie Wells, garnishee defendants. The said garnishee defendants answered admitting an indebtedness to VanHooser of about $675, the balance on a purchase money note of $1,200.00 owing by them to said J. F. VanHooser and Emily VanHooser to whom the purchase money note was jointly. payable. J. F. VanHooser was only constructively summoned and did not appear in the action except for the purpose of filing a plea to the jurisdiction, which was overruled.

In February, 1914, Emily VanHooser in her own name and as guardian for her infant daughter filed an action in the circuit court against L. V. Wells and Carrie Wells seeking a foreclosure on the purchase money note of $1,200.00, and alleging that the interest of J. F. VanHooser in the note had been assigned by him to Emily VanHooser and her said infant daughter. This $1,200.00 note was the same debt which had been previously garnisheed by Bernard Atkinson. In the last named action Atkinson filed his petition to be made a party, and after having been so made, entered a motion to have the two suits consolidated, which motion was sustained.

Clearly the action of the court in consolidating the two suits was proper as Atkinson was claiming a lien by reason of his attachment on the interest of J. F. VanHooser in the proceeds of the note, while Mrs. VanHooser and her daughter were claiming in their action the whole proceeds of the same note.

The petition of Mrs. VanHooser and her daughter shows that they were non-residents of the State of Kentucky, and after the two suits were consolidated and Atkinson made a party defendant in her action, he entered a motion that the plaintiffs therein be required to execute a bond for costs. This motion was made at the February term, 1914, but was not acted upon until the following June term, 1914, at which time it was sustained, and the plaintiffs in the foreclosure suit given six days in which to execute such bond. Some days after the expiration of this time, the bond not having been executed, the court dismissed the petition of Mrs. VanHooser, and in the order dismissing the same, in effect, set aside the order consolidating the two actions, and directed that the action of Atkinson against J. F. VanHooser proceed under its original style.

From that action of the court Mrs. VanHooser and her daughter have appealed.

After the dismissal of Mrs. VanHooser's action the court proceeded to enter a judgment in the suit of Atkinson v. J. F. VanHooser, and in the briefs many questions growing out of that action are discussed; but in our view of this case there is no question presented except the propriety of the action of the court in dismissing Mrs. VanHooser's action because of her failure to execute the bond for costs.

Section 616 of the Civil Code provides that certain persons, embracing non-residents of the State, before commencing an action, shall file in the clerk's office a bond to be approved by the clerk for the payment of all the costs which may accrue in the action, either to the defendant or to the officers of the court; and section 617, provides:

"An action in which a bond for costs is not given, as is required by section 616, shall be dismissed on the motion of the defendant at any time before judgment, unless in a reasonable time, to be allowed by the court, after the motion is made therefor, such bond be filed, securing all past and future costs; and the action shall not be dismissed or abated, if a bond for costs be given in such time as the court may allow."

Atkinson was made a defendant to Mrs. VanHooser's suit by the lower court, and the pleadings in the two consolidated actions show that the only real question at issue is between them, Atkinson claiming a lien on one-half of the purchase money note which he asserted was payable to J. F. VanHooser and she claiming that the whole of the proceeds of the purchase money note belonged to her and her infant daughter by reason of the assignment to them by J. F. VanHooser. Under this state of the record Atkinson was placed in a position where he might properly demand, before the litigation proceeded further, that she should execute a bond for costs, and the court having given her ample opportunity to do so, and she having failed, there was no alternative except to dismiss her action.

There has been, however, no adjudication on the merits as between the parties, and the dismissal of the action was equivalent only to a dismissal without prejudice; so that the question on the merits may be hereafter litigated.

Judgment affirmed.