## Hart, et al. v. Commonwealth.

(Decided December 9, 1924.)

### Appeal from Grayson Circuit Court.

1. Eminent Domain—Proceedings to Condemn Land for Highways Must be Conducted in Manner Provided for Condemnation of Railroad Rights of Way—"Hereunder."—Acts 1920, c. 17, providing that condemnation proceedings "hereunder" shall be in the manner provided by law for the condemnation of land for railroads, requires that condemnation of rights of way under section 7, as well as of gravel beds and stone quarries under section 12, be conducted as provided by Ky. Stats., sections 835-840; "hereunder" meaning "under this" or "as authorized by this."

2. Statutes—Act Requiring Procedure to Conform to Another Act Not Unconstitutional.—Provision of Acts 1920, c. 17, that all condemnation proceedings thereunder be conducted in manner provided for condemnation of land for railroads, held not violative of Constitution, section 51, as including provisions of Ky. Stats., sections 835-840, by reference to title only.

3. Eminent Domain—Appeals in Proceedings for Condemnation of Land for Highway Purposes Governed by Special Statute.—General law (Ky. Stats., section 978) governing appeals from inferior courts in certain cases does not control, where there is special act governing particular kind of appeal, as from judgment in proceedings to condemn land for highway purposes under section 839.

4. Appeal and Error—Appellant Must Bring Himself Within Terms of Statute Allowing Appeal.—Appeal is not matter of right, but of grace, and appellant must bring himself within terms of statute allowing appeal.

5. Eminent Domain—Appeal from Judgment in Highway Condemnation Proceeding Held Too Late.—Appeal to circuit court, not filed

within 30 days after judgment of county court, in proceedings to condemn land for highway, as impliedly required by Ky. Stats., section 839, requiring execution of bond within such time, held too late.

H. L. JAMES for appellants.

FRANK E. DAUGHERTY, Attorney General, ALLEN P. CUBBAGE, J. T. BASHMAN and J. M. CAMPBELL for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This proceeding was instituted in the Grayson county court in May, 1924, by the Commonwealth of Kentucky and the State Highway Commission, seeking to condemn certain lands owned by appellant Thatcher Hart, etc., for highway purposes, in accordance with chapter 17 of the Acts of the General Assembly 1920. Before instituting the proceedings the highway commission, through its agents, made diligent efforts to contract with appellants for the purchase of the land but being unable to do so, resort was had to the courts.

Exceptions were filed to the report of the commissioners but no evidence being introduced exceptions were overruled, and judgment rendered in favor of appellants, Thatcher Hart, et al., for the sum of $125.00 for the lands taken for highway purposes. The judgment in the county court was entered June 5, 1924, and described the lands taken by metes and bounds. On July 10, 1924, appellants obtained a certified copy of the judgment of the county court, and on the 12th of that month filed it with the clerk of the Grayson circuit court and on that date executed an appeal bond and caused summons to issue to the county judge. At the August term of the Grayson circuit court the Commonwealth entered a motion to dismiss the appeal. To this motion appellants objected, but their objection was overruled and the motion sustained on the ground that the appeal was not prosecuted within thirty days from the entry of the judgment in the county court.

As has been seen the condemnation proceedings were instituted under the act of 1920, page 76. The title of that act in part reads: "An Act relating to roads and bridges; creating the Department of State Roads and Highways; providing for officers to administer it and prescribing the powers and duties of such officers.

. . . Providing for the obtaining of rights of way and naming cities and towns from which construction shall commence.''

Section 7 of the act provides:

"No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund, but all costs of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund. The State Highway Commission is hereby authorized to institute any proceeding in the county court of the county where the land lies to have any right of way, temporary or permanent, condemned and the damages assessed. They may institute such suit or proceeding in the name of the Commonwealth, and the county attorney shall represent it. . . . Condemnation proceedings may be tried at a special term of the county court called for the purpose, after due notice had been given the owner and claimant of the land sought to be condemned."

The act then provides that the state highway commission shall have power to make agreements with owners of private surfaced roads, to take the same over as part of the state highway system, and in case they cannot agree to institute condemnation proceedings for that purpose.

Section 12 of the act empowers the State Highway Commission to purchase gravel beds or pits, stone quarries, and such other material and substances as are suitable for road building; and further provides that in case the state road engineer cannot agree with the owner of such gravel beds or stone quarries as to the price he may, with the approval of the State Highway Commission, acquire by condemnation, the right to take and use such gravel, stone or other building material and to remove same from such bed, for the purpose of building, repairing or otherwise improving such roads, together with the rights of way to and from such bed, pit, quarry or mine.

It will thus be seen that the act of 1920 makes provision for acquiring rights of way, private roads, gravel beds and stone quarries for the state by condemnation.

At the end of the act is this provision:

"All condemnation proceedings *hereunder* shall be in the manner provided by law for the condemnation of land for railroads. All laws in conflict herewith are hereby repealed."

The method of condemnation of lands by railroads is laid down in section 835 to and including 840, Kentucky Statutes. Exceptions to the report of commissioners fixing damages to lands are provided for by section 839:

"When such exceptions shall be filed it is the duty of the court to forthwith cause a jury to be impaneled to try the issues of fact made by the exceptions. . . . In assessing the damages the jury shall be governed by the rules prescribed by section 836 of this law, and upon the request of either party may be sent by the court, in charge of the sheriff, to view the land or material. If sufficient cause be not shown for setting aside the verdict, the court shall render judgment in conformity thereto, and shall make such orders as may be proper for the conveyance of the title upon the payment of the damages assessed. Either party may appeal to the circuit court, by executing bond as required in other cases within thirty days, and the appeal shall be tried *de novo,* upon the confirmation of the report of the commissioners by the county court, or the assessment of damages by said court, as herein provided, and the payment to the owners of the amount due, as shown by the report of the commissioners when confirmed, or as shown by the judgment of the county court when the damages are assessed by said court, and all cost adjudged to the owner, the railroad company shall be entitled to take possession of the said lands."

The entire method of procedure is laid down in the several sections of the statutes to which we have referred. The practice in such actions is different from that prescribed by the Code in ordinary cases.

The question is: What did the General Assembly intend by the last sentence of the act of 1920, wherein it provided: "All condemnation proceedings hereunder

shall be in the manner provided by law for the condemnation of land for railroads?''

Appellee insists that it intended that all proceedings for the condemnation of land for highway purposes, either rights of way, gravel beds or stone quarries, must be instituted and conducted as provided for the condemnation of land for rights of way of railroads provided for in section 835 to and including 840, Kentucky Statutes, except as otherwise provided by the act of 1920, while appellant insists that no such meaning was intended with respect to the condemnation of rights of way. Appellants argue that the sentence we have quoted has application only to section 12 of the act of 1920, and does not modify or control section 7 of that act which provides for the condemnation of rights of way. This all depends upon what meaning is given to the word ''hereunder'' as employed in that sentence. Webster's New International Dictionary says that the word means ''under this; as authorized by this.'' If we read the sentence ''all condemnation proceedings under this act'' we will arrive at the conclusion that the word ''hereunder'' modifies and controls all proceedings provided for by the act. Or, if we read the sentence ''all condemnation proceedings as authorized by this act'' shall be in the manner provided by the law for the condemnation of land for railroads, we are equally certain that every condemnation proceeding authorized by the act must be so conducted.

Appellant insists, however, that the sentence to which we have referred is invalid because it violates that part of section 51 of the state Constitution, which says: ''No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length.'' From this it is argued that the sentence we have quoted attempts, without conforming to section 51 of the Constitution, to include the provisions of section 835 to and including section 840, Kentucky Statutes. If this provision of the act violates section 51 of the Constitution it is a nullity. However, we do not agree with appellant's contention that the act violates the provisions of section 51 of the Constitution. On the contrary, we have frequently held that the manner of procedure for the accomplishment of certain purposes may be prescribed by reference to other sections of the statute. Indeed, this is a

common practice and does not, in any sense of the word, violate section 51 of the Constitution. Lyman v. Ramey, Commissioner of Insurance, 195 Ky. 223; Allen v. Cromwell, Secretary of State, 203 Ky. 836; Milius v. Brann, 205 Ky. 171.

Appellant further insists that an appeal in all such cases is granted by section 978, Kentucky Statutes, and that section 839 does not govern such appeals, That section 978, is the general law on the subject of appeals from inferior courts in certain cases, but it does not control where there is a special act governing the particular kind of appeal to be prosecuted. In the case before us the statute says: "All condemnation proceedings hereunder shall be in the manner provided by law for the condemnation of lands for railroads," which definitely fixes the method.

The language is broad and includes all the proceedings from the institution thereof to final determination where lands are condemned for highway purposes, and therefore includes the prosecution of an appeal.

The statute, section 839, fixes with precision the time for prosecuting an appeal from any condemnation proceeding. The bond must be executed within thirty days. Impliedly the appeal must be filed in that time. Appellants did not comply with the provisions of this statute in prosecuting the appeal in this case from the county court to the Grayson circuit court. An appeal is not a matter of right but a matter of grace. If one does not bring himself within the terms of the statute allowing an appeal he cannot claim a right to prosecute it. From what has been said it follows that the trial court properly held the appeal too late, and dismisses it.

Judgment affirmed.