## Clark v. Commonwealth.

(Decided May 22, 1925.)

### Appeal from Fleming Circuit Court.

1. Statutes—Act Incorporating by Reference, Manner, and Extent of Punishment of Grand Larceny Statute Held Not Unconstitutional.—Kentucky Statutes, section 2739g-58, declaring operation of vehicle without knowledge and consent of owner, grand larceny and punishable as provided therefor, is complete in itself, and is not violative of Constitution, section 51, as extending or amending grand larceny statute, without republishing and re-enacting such statute.

2. Trespass—Value of Vehicle Taken Without Consent Immaterial.— Notwithstanding Kentucky Statutes, section 2739g-58, making it unlawful to operate vehicle without knowledge and consent of owner, refers to grand larceny statute, the offense created is not dependent for its violation on value of vehicle taken, and it need not be shown that vehicle was worth more than $20.00.

3. Criminal Law—Failure of Instruction to Require that Vehicle Must be Taken Without Owner's Knowledge, if Error, Held Harmless, where Such Fact Undisputed.—In prosecution for taking and operating vehicle without knowledge and consent of owner, in violation of Kentucky Statutes, section 2739g-58, failure of instruction to include word "knowledge," if error, held harmless, in view of Criminal Code of Practice, section 353, where it was uncontradicted that vehicle was taken without owner's knowledge.

4. Criminal Law—Instruction Not Prejudicial Error, where Essential Facts Admitted by Defendant.—In prosecution for taking and operating vehicle without knowledge and consent of owner in violation of Kentucky Statutes, section 2739g-58, instruction permitting finding of guilty, if defendant alone or with another took and carried motor vehicle away, was not prejudicial error, where

evidence showed and defendant admitted that he drove vehicle without owner's knowledge and consent.

O. R. BRIGHT for appellant.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and B. S. GRANNIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant, a boy of eighteen years, residing in Flemingsburg, was tried and convicted for violating section 2739g-58 of the Kentucky Statutes, which reads:

"Any person who shall unlawfully take, drive or operate a vehicle without the knowledge and consent of the owner shall be guilty of the offense of grand larceny and punished as provided by law in such cases."

There is no dispute concerning the facts in this case.

On Sunday evening, December 7, 1924, a lot of young folks of Flemingsburg had gone over to Maysville. Appellant and another boy, Wendell Jones, wanted to go too, but had no machine and had no money wherewith to pay bus hire. They tried to get a friend to take them over, but on account of the condition of the tires of his car he was unable to accommodate them. These boys were very anxious to make the trip and so they conceived the idea of going down to Roy Dudley's garage and of getting there the Ford car of Prof. Horton, the principal of the High School, and using it to make the trip. They knew that Prof. Horton did not keep his machine locked and that the garage was open. They went to the garage and found Horton's machine there, but before taking it out, they went down to the Methodist church to make sure that Prof. Horton was there. Finding him singing in the choir, they returned to the garage. Jones got in the Ford and drove it out of the garage, while appellant stood by to help him get out without striking the other cars in the place. After they got the Ford out on the road, appellant took charge of it, as Jones did not seem to be able to steer it rightly. It was the intention of these boys to drive over to Maysville and back that night and on their return to put the car back in the garage. Unfortunately for them, they had scarcely got-

ten out of town before they collided with another machine and so broke up Prof. Horton's car that it had to be repaired at a cost of $40.00, which was paid by appellant or his family. The collision and resulting damage brought about the discovery of appellant's acts.

That appellant is guilty under the statute can not be questioned, but it is insisted that the statute is unconstitutional because it is an amendment to the grand larceny statute without republishing and re-enacting that statute, as required by section 51 of the Constitution. In the case of Singleton v. Commonwealth, 164 Ky. 243, 175 S. W. 372, in construing section 2739-35 of the 1915 edition of Carroll's Statutes, which section is the forerunner of the statute under discussion and similar in all respects to the present statute, except that it provided the punishment to be inflicted for its violation, this court pointed out that the offense created by that section was not grand larceny, although so denominated therein, because the essential element of that crime, to-wit, the fraudulent and wrongful taking away by one person of the personal property of another with the felonious intent of converting it to the taker's use without the owner's consent, was lacking. The court said that the offense created by the statute was a new one, completely described without the need of the reference to grand larceny and for that reason these words could be disregarded in considering the nature of the crime. As stated, the present act is similar in all respects to this earlier act with the exception of the matter of punishment. The offense is just as completely described in the present act as it was in the act construed in the Singleton case, and hence the designation of it as grand larceny may be disregarded as immaterial. It is, therefore, apparent that the grand larceny statute is not extended or amended by the creation of the new offense, erroneously styled "grand larceny," unless it be so by the provision in the present statute to the effect that its violation shall be punished as provided by law for the offense of grand larceny. Does the incorporation by reference in the present statute of the mode, manner and extent of punishment of the grand larceny statute, without republishing and re-enacting the latter, render the present statute void under section 51 of the Constitution?

In the case of Lyman v. Ramey, 195 Ky. 223, 242 S. W. 21, the court had before it the question of the con-

stitutionality of section 724 of the Kentucky Statutes. This section reads:

> "Said companies shall comply with all provisions of law applicable to fire and marine insurance companies of other states, doing business in this state."

The question was whether or not the legislature could thus incorporate by reference other sections of the statutes without setting them out in full. After a very careful examination of the authorities and principles underlying them, this court held that the laws applicable to fire and marine insurance companies were not extended by section 724 of the statute nor were they amended by this section, but that section 724 was an original statute, complete in itself, which referred to and by reference adopted wholly or partially pre-existing statutes. The court further held that this practice did not violate section 51 of the Constitution. To the same effect is Hart v. Commonwealth, 207 Ky. 343, 269 S. W. 300. These cases are conclusive of the point raised concerning the constitutionality of this section of the motor vehicle law, and for the reasons set out in them, we hold the statute under which appellant was convicted, valid.

Appellant next complains because there was no evidence introduced to show that Horton's Ford was worth more than $20.00. The statute does not fix any value on the machine, the illegal operation of which constitutes the offense denounced. Appellant's idea in this connection is, of course, based on his theory that the statute is an amendment to the grand larceny statute but, as pointed out, such is not the case. The offense created by the statute is a new one complete in itself, and it is not dependent for its violation on the value of the vehicle taken.

Lastly it is urged that instruction No. 1, given by the court, was erroneous in two particulars: First, because it omitted to tell the jury that in order to find the defendant guilty it must find that the appellant illegally took, drove and operated Horton's car without his knowledge. The instruction did require the jury to find that the taking and driving were done without Horton's consent, but omitted the word "knowledge," which appears in the statute. Even if the instruction was erroneous in this particular the error was not prejudicial, since,

as stated, there was absolutely no dispute about the facts of this case and it all showed and appellant admitted on the witness stand that the act was done without Horton's knowledge.

In Newsome v. Commonwealth, 204 Ky. 179, 263 S. W. 703, we held that an error in an instruction on self-defense was not a reversible error where it appeared that if the instruction had been properly worded, it would have had no effect on the result. Section 353 of the Criminal Code requires us to ignore any errors when we are satisfied that the substantial rights of the defendant have not been prejudiced thereby.

Secondly, it is claimed that this instruction is erroneous because it permitted the jury to find appellant guilty if he by himself or with another took and carried the motor vehicle away. As the evidence showed and appellant admitted that he drove the automobile without the owner's knowledge or consent, there was no prejudicial error in this connection.

There being no errors prejudicial to the substantial rights of appellant, the judgment of the lower court is affirmed.