## Carey-Reed Co. v. Sisco et al. (two cases).

(Decided Oct. 27, 1933.)

NUNN & WALLER for appellant.

A. C. MOORE for appellee City of Marion.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming in part and reversing in part.

Marion is a city of the fourth class. Its city council on June 27, 1928, passed an ordinance for the construction of a system of sanitary sewers in the city on the ten-year plan. The contract for the work was made with the Carey-Reed Company, who built the sewers. The work was accepted by the council, which apportioned the cost to the different property owners. Appellees refused to pay, and on August 26, 1930, the contractors brought suit No. 1 against appellees and the city to enforce the assessment against appellees' property. The ordinance, among other things, provided that the city engineer, when the work was completed in accordance with the plans and specifications, should make a full and correct estimate of the total cost showing the total number of abutting or fronting feet of property owned by each person and the proportionate part of the cost of the improvement to be assessed against his property; one copy of the estimate should be delivered to the board of public works, who should inspect the work. Any property owner might protest against the assessment before the board of public works. The board should hear the protest and its judgment should be final thereon. The city authorities had followed the ordinance and appellees, by their answer, presented the defense that the assessment had not been made as provided by the statute. The sewers were constructed under section 3579a-1, Kentucky Statutes, which among other things provided:

"Upon the completion of the improvement under such ordinance, the engineer for the city shall make the estimate and apportionment of cost to each property owner therein and submit the same to the board of council of such city at a regular meeting and file it with the clerk thereof. The board of council shall then, by order, provide a time and place for a hearing to be had upon said estimate which shall be published at least once in a newspaper of said city ten days before the time so fixed by the council and the persons affected thereby shall lodge with the clerk of the city written protest of complaint, if any, relative thereto or rela-

tive to any other matter concerning said improvement or the proceedings affecting same, and the same shall be considered and disposed of by the board of council of the time and place designated in such notice before the estimate and apportionment aforesaid is approved. The board of council shall have power at such hearing to make such corrections or adjustments in the estimate or apportionment of cost or relative to any other matter concerning the improvement or proceedings affecting the same as may, in the judgment of such body, be just and equitable, and the same shall be entirely in their discretion, and their judgment thereupon shall be conclusive and binding upon all parties except in case of actual fraud upon the part of such board of council.''

The ordinance, which provided for a hearing before the board of public works, was not in accordance with the statute. The city council had no authority to delegate to another body the power which the statute vested in it. The assessment made upon the basis of the action of the board of public works was not in accordance with the statute and was void. The circuit court upon this ground dismissed action No. 1.

Thereupon the estimates of the engineer were laid before the city council. Proper notice was given, and no protest having been filed by property owners, the city council approved the report of the engineer and made the assessment as provided by the statute. The appellees still refused to pay, and on November 3, 1931, the contractors brought the second action against appellees to enforce the lien upon their property for the amount of their assessments. The defendants filed answer pleading, among other things, the judgment in the former suit in bar of the action. On final hearing the circuit court dismissed also the second action. The plaintiffs appeal from the judgment in both cases.

■ As no assessment had been made in the manner provided by the statute and no statutory opportunity had been offered the property owners to protest, as required by the statute, the circuit court properly dismissed the first action based upon the void assessment, and the judgment in action No. 1 is affirmed.

■ Was the judgment in that case a bar to the second action? To determine this we must look to the

language of the judgment itself. The judgment is in these words:

> "This cause of action being submitted for trial and judgment as to the defendants L. N. Sisco, R. H. Enoch, W. D. Sullenger, W. B. Yates and A. C. Kimsey, they having made a separate and distinct defense to the other defendants named in the petition and amendment thereto, and the court having heard the evidence and argument of counsel and being sufficiently advised from the entire record finds that the city council of the City of Marion did not by order provide a time and place for hearing protests of property owners as to the engineer's estimate of the cost of constructing the sewers and did not publish any notice giving the time and place of hearing protests of property owners as to the engineer's estimate of the cost of constructing said sewers in a newspaper published in Marion, Kentucky for ten days before the time fixed for the hearing protests. The court further finds that there is no merit in any other question raised by the aforesaid defendants. It is therefore adjudged by the court that the petition of the plaintiff, Carey-Reed Company, be and the same is hereby dismissed and said defendants recover of the plaintiff their costs herein expended."

It is clear from the judgment, read as a whole, that the action was dismissed on the ground that it was brought before a legal assessment was made. A like question was presented in Farris v. Matthews, 149 Ky. 455, 149 S. W. 896, where an action on an attachment bond had been brought when there was no valid judgment discharging the attachment. The court said:

> "In view of the fact that the action was dismissed because it was brought in the absence of a judgment sustaining the attachment, the action was prematurely brought, and the order below dismissing the action will be treated as an order dismissing without prejudice, and will not, therefore, bar another action on the bond, when the orders on the order book shall have been signed by the present judge."

Page 458 of 149 Ky., 149 S. W. 896, 898.

To the same effect, see Farnsley's Adm'r v. Phil-

adelphia, etc., Ins. Co., 156 Ky. 699, 161 S. W. 1111, and Van Hooser v. Atkinson, 168 Ky. 1, 181 S. W. 610.

The judgment in the first case is therefore no bar here to the second action.

■ Was the proceding warranted by the statute?

The ordinance after providing for the assessment of the cost against the property owners provided as follows:

"Said assessment shall be paid in ten annual payments as provided in chapter 98; page 266, section 2, of the Acts of March 10, 1924, of Kentucky Legislature, and being section 3579a-2 of the Kentucky Statutes. Said tax shall be due and payable at the City Treasurer's office."

Section 3579a-2 provides:

"The board of council may provide, by the ordinances requiring the construction of such improvement, that the same shall be done upon the ten year or other annual installment payment plan, and in such event, when such improvements shall have been completed and the estimate of the cost thereof approved, the board of council shall, by ordinance, apportion such cost as hereinbefore provided and levy a tax against the property affected thereby for the payment thereof upon such annual installment payment plan, and all subsequent proceedings relative thereto shall be had and taken under and controlled by the provisions of secs. 3575 and 3577 of the Kentucky Statutes, * * * and all procedure provided for in said act shall apply to and become a part of this act as to the carrying out of the annual installment payment plan and the issuance of bonds as provided by said secs. 7 and 8, and said sections shall be followed in every particular."

The procedure after the assessment is made is thus provided for in section 3575, Kentucky Statutes:

"Such local taxes may, at the option of the property owners, be payable in cash, without interest, within thirty days, or in ten annual installments as herein provided. Any property owner who desires to exercise such privilege of payment by installment shall, before the expiration of the said thirty

days, enter into an agreement in writing with the city that in consideration of such privilege he will make no objection to any illegality or irregularity with regard to the taxes against his property, and that he will pay the same in the manner herein provided, with specified interest. Any property owner entering into such an agreement or who exercises the option to pay in installments, shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of such taxes."

Section 3577 further provides:

"In order to provide a fund for the immediate payment of the cost of any improvement made on the installment payment plan as provided in sec. 3575, the council may issue and sell improvement bonds in anticipation of the collection of such part of the local taxes assessed and levied therefor as may not be paid within thirty days from the time of the assessment, pledging such taxes and the liens on the property for the payment of the principal and interest of such bonds, and apply the proceeds thereof exclusively to the payment for the particular improvement in anticipation of the assessment for which the bonds are issued. * * *

"Said bonds and interest thereon shall be payable exclusively out of funds actually paid to and collected by the city on account of the improvement taxes in anticipation of which the bonds are issued, and except as provided in this section, the city shall in no event be liable on any such bond except to the extent of funds actually paid to it as above set out." Sections 7, 8 of the act.

All these sections are part of the acts amending the act for the government of cities of the fourth class and in amending an act other parts of that act may be made to apply under the amendment.

"We have frequently held that the manner of procedure for the accomplishment of certain purposes may be prescribed by reference to other sections of the statute." Hart v. Com., 207 Ky. 343, 269 S. W. 300, 302; Clark v. Com., 209 Ky. 184, 272 S. W. 430, and cases cited.

The proceeding was therefore warranted by the

statute. Under the statute, as amended, sections 3575, 3577, Kentucky Statutes, do not apply alone to street improvements.

■ May the plaintiffs maintain the action?

The plaintiffs were the contractors for the work. They had done the work and it had been accepted by the city council, but the city had not paid them and had taken no steps to protect them. They brought their action not only against the property owners, but against the city to obtain relief. Section 18 of the Civil Code of Practice provides that every action must be prosecuted in the name of the real party in interest. Under this statute it is well settled that the real party in interest is one who has an actual and substantial interest in the subject-matter of the suit. Gay v. Jackson County Board, 205 Ky. 277, 265 S. W. 772, and cases cited. Here the plaintiffs are out of their money and have a substantial interest in the controversy. They are not required to wait until the city saw fit to take action. While they may not recover the money themselves, they may by their action in equity have their lien on the land enforced and the money paid to the city treasurer. The demurrer to the petition was therefore properly overruled. Louisville & N. R. Co. v. Southern Roads, 217 Ky. 575, 290 S. W. 320.

■ The city incurred no liability upon the bonds, for by the statute the city is not liable on the bonds beyond the taxes received. It is not material therefore that the amount of bonds in this case exceed the revenue of the city for the year. Section 157 of the Constitution was not infringed. Shaw v. City of Mayfield, 204 Ky. 618, 265 S. W. 13.

■ The defendants insist that they were not abutting property owners on these facts: The street was originally 40 feet wide. When the highway commission determined to lay the state highway over the street it was widened to 50 feet to comply with the demands of the state highway commission, the city buying 5 feet on either side. The street is now 50 feet wide and the defendants' property fronts on the street as thus widened. These are the facts as shown by the undisputed proof. While the title to the property, when the deed was made to the city for the 5 feet on the defendants' side, does not state all the facts, the facts are shown by

the testimony, and under the facts the defendants are abutting property owners on the street, which is now 50 feet wide. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S. W. 579.

■ By the ordinance the sewer was built in the middle of the street and it was provided that a connection should be built from the sewer to the propetry line, so that the property owner could connect by building to the property line. Many of the property owners indicated where they wanted this connection put in by appellants, but appellees who were denying liability did not do this. The contractor could not put in the connection without direction where to place it, as the property lines were long in these cases. The city then passed an ordinance providing that the city would, at its own expense, put in the connections when appellees wanted them put in and indicated where they wanted them. But the appellees took no action. It is suggested in the briefs that the city may repeal this ordinance at any time before the connections are put in. But if it does, that question can then be presented. The ordinance at present leaves the appellees no ground of complaint.

■ The ordinance provided for the construction of a system of sanitary sewers for the city. This was a provision for the health of the city, and was within the authority conferred on the city council by the statute (Ky. Stats. sec. 3579a-1), which authorizes the cost of the construction to be assessed against the abutting property. The statute is valid and appellees cannot complain of such a provision for the public health.

The judgment in the second case is reversed, and the cause is remanded for a judgment as above indicated.