## Young v. Grauman, County Attorney.

May 5, 1939.

ROBERT T. BURKE, JR., for appellant.

LAWRENCE S. GRAUMAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing in part and affirming in part.

The appellant, Thomas H. Young, Jr., was admitted to the practice of law in Kentucky in September, 1936, and has been engaged in the general practice of law

since that time. In November, 1937, he was elected a Justice of the Peace for the Second Magisterial District of Jefferson County, Kentucky, and assumed office from January 3, 1938, which position he still holds.

Appellee, Lawrence S. Grauman, County Attorney of Jefferson County, Kentucky, questioned the right of the appellant to practice law during his incumbency as a Justice of the Peace of the Commonwealth of Kentucky, because of the provisions of Kentucky Statutes, Section 110, Section 702 of the Civil Code of Practice.

Appellant, as plaintiff below, brought this suit in the Jefferson circuit court alleging that an actual controversy exists between the plaintiff and the defendant in respect of his right to practice law during his incumbency as a Justice of the Peace and prayed for a declaration of rights.

The defendant filed answer admitting the facts contained in the plaintiff's petition and joined with plaintiff in seeking a declaration of rights prayed for in the petition.

The case was submitted to the court on the pleadings and the court entered a judgment to the effect that appellant has no right to practice law in the circuit courts, or the Court of Appeals of Kentucky in cases that do not come within the jurisdiction of a Justice of the Peace, except in such cases as he may have been employed previous to his election as a Justice of the Peace, or in cases where he may be personally interested and, further adjudged that during the period of appellant's incumbency as a Justice of the Peace, he has no right to advise, counsel or prepare upon any matter, which is a subject of litigation, present or future, or which reasonably may be expected to become the subject of litigation. However, the court refused to adjudge that during the time appellant is a Justice of the Peace, he could not give advice, prepare wills, contracts, deeds, mortgages and other instruments of a legal nature. Because of the court's refusal to include the last named matters in the judgment, appellee has prayed for a cross-appeal.

The solution of the question involved lies in the construction of Section 110 of the Kentucky Statutes and Section 702 of the Civil Code of Practice as they relate to each other. Section 110 of the Statutes reads as follows:

"The governor, or a judge of the court of appeals or circuit court, or clerk or deputy clerk of any court, shall not practice law or render any service as an attorney or counsellor-at-law, in any of the courts of this Commonwealth, except in such cases as he may have been employed in previous to his election, or in cases in which he may be personally interested."

Section 702 of the Civil Code of Practice reads as follows:

"The duties and powers enjoined and conferred by this Code upon clerks shall devolve on the judges or justices who are by law required to act as clerks of their courts."

The statute, supra, provides that certain *officers* shall not practice law, including clerks or deputy clerks of any court. It is our view and interpretation that it was the legislative intent in enacting the statute that it has reference to clerks whose office as such is separate and apart from the office of the judge of the court, such as clerks of circuit courts and other like courts, but was not intended to classify as clerks, justices or judges of inferior courts whose duty it is made by Section 702 of the Civil Code of Practice to perform their own clerical duties, in the absence of a regular or separate clerk. The performance of these duties does not make them *clerks* of a court in contemplation of the statute, supra. We think it fair to assume that in enacting Section 702 of the Civil Code of Practice, the Legislature had in mind that the emoluments of the office of clerk of such inferior courts might be insufficient to compensate the office of clerk separate and apart from the office of judge of the court and, for that reason, instead of creating the separate office of clerk of such courts, such justices are permitted and required to perform their own clerical work, which is part of the duties incumbent upon the office of judge of the court rather than the office of clerk of the court, in the usual acceptance of the phrase "clerk of a court" which implies an office distinct from that of judge of the court.

When in enacting laws the Legislature is presumed to take cognizance of the Constitution, previously enacted statutes and the common law. With this principle in mind, it is not reasonable to presume that the Legislature intended when enacting Section 702 of the

Civil Code of Practice to create the office of clerk of inferior courts as a separate office from that of the judge of such courts and, at the same time, permit the same person to fill both offices. If such had been the legislative intent, we would have the situation of the same person holding two separate and distinct offices, which would come within the inhibition of Section 165 of the Constitution and Section 3746 of the Kentucky Statutes, the latter providing, *inter alia,* "The offices of *justice of the peace,* county judge, surveyor, sheriff, deputy sheriff, coroner, constable, jailer, assessor, marshal of a town, and *clerk or deputy clerk of a court,* shall be deemed incompatible, the one with either of the others; * * *." (Italics ours.)

Having these views, we are constrained, therefore, to hold that the appellant is not disqualified to engage in the general practice of law because of his position or office of justice of the peace.

We do not mean to hold, however, that appellee may practice law in his own court; and, if he should prepare contracts, deeds or other documents, give legal advice on matters, and later such documents or matters upon which he had given legal advice should become involved in litigation in his own court, a sense of duty and ethics would require him to disqualify himself to try such litigation. In these respects he should be governed by the same principles and rules as are followed by circuit judges and Judges of the Court of Appeals, viz, that after they enter upon the duties of such offices and litigation comes before them involving cases in which they had previously been employed or otherwise given legal advice, they disqualify themselves and refuse to try such cases.

For reasons stated, the judgment is reversed on the appeal and affirmed on the cross-appeal.

Whole Court sitting.