**Marlow W. COOK et al., Appellants,**

**v.**

**Henry WARD, Commissioner, Kentucky Department of Highways et al., Appellees.**

Court of Appeals of Kentucky.

July 17, 1964.

E. P. Sawyer, County Atty., Cecil Davenport, Asst. County Atty., Louisville, for appellants.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, for appellees.

Jack Q. Heath, Louisville, for Kentucky Farm Bureau Federation.

MONTGOMERY, Judge.

The question is whether Senate Bill No. 6 enacted by the 1964 General Assembly as Chapter 10, Kentucky Acts 1964 violates Kentucky Constitution, Section 51. More specifically, the question is whether an existing statute can be amended by incorporating by reference another existing statute.

The Act is as follows:

"AN ACT relating to State Appropriations for County Roads allocated among counties; statements of disbursements and balances.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"Section 1. Section 179.410 of the Kentucky Revised Statutes is amended to read as follows: The Department of Highways shall allocate the sum appropriated by the General Assembly for the construction, reconstruction, improvement, and maintenance of county roads and bridges in accordance with the provisions of KRS 177.360(1).

"The Department of Highways, at the close of each fiscal year or as soon thereafter as practicable, shall furnish to the Fiscal Courts of the several

counties a statement showing the total amount of all disbursements, the unliquidated and unencumbered balances of the funds allocated to the respective counties for that fiscal year."

The bill was signed by the Governor on February 28, 1964, and became effective June 18, 1964, as KRS 179.410.

Immediately thereafter, Marlow W. Cook, H. Bemis Lawrence, Maurice W. Archer, and John Skelton, composing the Jefferson County Fiscal Court, sued Henry Ward, as Commissioner of the Department of Highways, asking that Senate Bill No. 6 be declared unconstitutional and that he be restrained and enjoined from proceeding thereunder. The Kentucky Farm Bureau Federation was permitted to intervene. The Fiscal Court appeals from a judgment upholding the constitutionality of the Act.

The pertinent portion of Kentucky Constitution, Section 51, follows:

" * * * no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

Prior to the effective date of the Act attacked, KRS 179.410 consisted of two paragraphs. Its first paragraph provided for the allocation of appropriated funds for county roads and bridges to be made on the basis of the number of counties, area, and rural population. By the new Act, no change was made in the second paragraph. The first paragraph of KRS 179.410 was changed to provide for the allocation of such funds "in accordance with the provisions of KRS 177.360(1)." The formula for the allocation of funds for rural and secondary roads is set forth in KRS 177.360(1). The effect of the change in KRS 179.410 is to place the allocation of funds to be used on county roads and bridges on the same basis as rural and secondary road funds. It may

be noted that no question of discrimination in the allocation of such county road and bridge funds is presented or argued.

Appellants argue that the incorporation of the formula set forth in KRS 177.360(1) by reference to that statute is an amendment of KRS 179.410, which violates Section 51 because the pertinent portion of KRS 177.360(1) was not set forth in its entirety in Senate Bill No. 6. They rely on Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S.W. 1017; Hazelrigg v. Hazelrigg, 169 Ky. 345, 183 S.W. 933; Board of Regents, etc. v. Engle, 224 Ky. 184, 5 S.W.2d 1062; and Commonwealth v. Scott, 310 Ky. 537, 221 S.W.2d 64.

Each case is distinguishable on its facts. In the Spencer, Hazelrigg, and Engle cases the title to the Act was held to be bad. Here, appellants admit that the title to the Act is good. In the Hazelrigg and Engle cases the statute was also held to be bad for failure to set forth the statute as amended in its entirety. The new statute contained only the amendatory portion. The latter ground was the basis for the holding in the Scott case, wherein the amending statute set forth a subsection to be added to an existing statute without setting forth the amended statute in its entirety. In this regard Senate Bill No. 6, now KRS 179.410, did set forth the statute in its entirety, as is shown by a reading of it.

In the Spencer case it was held that it should be the purpose of the Court in construing Section 51 "to enforce substantial compliance with this section, while giving to it a reasonable and liberal construction," "so as not to hinder or embarrass the Legislature in its efforts to enact laws." Section 51 was intended to correct a legislative practice in general use before the adoption of the present Constitution where old laws were made a part of new laws merely by reference to the title of the old laws. Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166

S.W. 1017; Lynn v. Bullock, 189 Ky. 604, 225 S.W. 733.

In the Spencer and Bullock cases, Carroll, J., discussed the many problems arising under Section 51. Ignatius A. Spalding, Chairman of the Legislative Committee, in Volume 3, page 3792, Debates of the Constitutional Convention, stated the problem to be solved and the purpose of the section thus:

"The members of the General Assembly did not know what they were voting for half the time, and this section in the report provides when an act is amended it shall not be amended in that way, but that the act, as amended, shall be set out in full, so every man will understand what it is when voting on it, and the people will know what change has been made when they see it."

A typical example of the problem is quoted from the Bullock case:

"In Acts 1873, p. 120, the Legislature enacted a law, the title of which read, 'An Act to incorporate the Oak Ridge Turnpike Company in Mercer county,' and in the body of the act, which only contained three sections, it was provided that

" 'The provisions of the act and amendments thereto chartering the Harrodsburg and Cornishville turnpike road are made a part of this act by reference, as far as not inconsistent.' "

As will be noted, Section 51 deals with amendment "by reference to its title only." The title to an Act or statute may, understandably, be vague and indefinite, and the Act or statute may thus be difficult to identify.

There is nothing in its history which indicates that Section 51 was intended to deal with amendment in any manner except by title. The failure to set forth the amended statute in full is intended to insure that the statute as amended is available for the examination of anyone so desiring; thus, no interested legislator would be deceived or misled by its contents. Amendment by reference to the pertinent section of Kentucky Statutes or Kentucky Revised Statutes does not appear to have been included in the purview of Section 51.

■ The ease of identification by statutory section solves the problem created by reference to title only. The legislator, citizen, or lawyer, interested in any bill in which it is proposed that a statute shall be amended, as in the case here, has only to look to the pertinent statute referred to in order to learn its content. The reading of the bill, as here, would disclose how the amended statute would read upon enactment. The presumption is that the Legislature is cognizant of the Constitution, previously enacted statutes, and the common law. Young v. Grauman, 278 Ky. 197, 128 S.W.2d 549; Inland Steel Co. v. Hall, Ky., 245 S.W.2d 437; Brown v. Hoblitzell, Ky., 307 S.W.2d 739. It is to be presumed that each legislator, upon reading Senate Bill No. 6, was cognizant of the two statutes mentioned therein. Senate Bill No. 6 left no room for anyone to claim deception or fraud in its content.

In Bloxton v. State Highway Commission, 225 Ky. 324, 8 S.W.2d 392, statutory amendment by reference to pre-existing statutes was approved, with the observation that "Were it otherwise, it would be necessary to reprint each chapter of Kentucky Statutes provisions properly placed in other provisions of the collection."

In Reeves v. Simons, 289 Ky. 793, 160 S.W.2d 149, the question was whether a 1940 Act which provided that it should be administered under the provisions of a 1938 Act, properly identified, violated Section 51. Sims, then Commissioner, later Judge, wrote:

"It has been several times written that the manner of procedure may be provided by reference to other sections of the statutes without doing violence to

Sec. 51. Hart v. Com., 207 Ky. 343, 269 S.W. 300; Clark v. Com., 209 Ky. 184, 272 S.W. 430; Carey-Reed Co. v. Sisco, 251 Ky. 22, 64 S.W.2d 430."

In the Clark case cited, Lyman v. Ramey, 195 Ky. 223, 242 S.W. 21, was cited in support. There, it was held that a statute did not violate Section 51 when it referred to, and by reference adopted, wholly or partially pre-existing statutes. The statute there held valid read:

"Said companies shall comply with all provisions of law applicable to fire and marine insurance companies of other states, doing business in this state."

In Board of Aldermen of City of Ashland v. Hunt, 284 Ky. 720, 145 S.W.2d 814, and Allphin v. Ohio River Company, Ky., 306 S.W.2d 94, the same amendatory procedure used here was approved. A casual study of the Kentucky Revised Statutes reveals that the practice of amending by reference to cited statutes of the Kentucky Revised Statutes has existed for a long time and has been used extensively as a practical device. Perhaps the most common example has been the designation of penalty sections by reference to statute.

The title to Senate Bill No. 6 is admittedly good. The new statute, KRS 179.410, was set forth in its entirety. It, therefore, is concluded that Section 51 was not violated. There was no necessity to republish any repealed portion of the statute amended. Board of Trustees of Policemen's and Firemen's Retirement Fund v. City of Paducah, Ky., 333 S.W.2d 515.

Judgment affirmed.

BIRD and MOREMEN, JJ., dissent.