RENDERED: MARCH 29, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0583-MR

WILLIAM TRAVIS BOSTON                                          APPELLANT


|                      | APPEAL FROM WARREN CIRCUIT COURT     |
| v.                   | HONORABLE CHRISTOPHER COHRON, JUDGE  |
|                      | ACTION NO. 21-CI-00714               |


COMMONWEALTH HEALTH
CORPORATION, INC.; AND
BOWLING GREEN-WARREN
COUNTY COMMUNITY HOSPITAL
CORPORATION D/B/A THE MEDICAL
CENTER AT BOWLING GREEN                                        APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND JONES, JUDGES.

CALDWELL, JUDGE: William Travis Boston ("Boston") appeals the May 11, 2023 order of the Warren Circuit Court dismissing, on subject matter jurisdiction grounds, the premises liability negligence claims he filed against the above-

captioned appellees (hereinafter "Appellees"). Upon review, we reverse and remand.

## BACKGROUND

On June 7, 2021, Boston filed suit in Warren Circuit Court alleging Appellees owned, occupied, and maintained a hospital located at 250 Park Street in Bowling Green, Kentucky; that Appellees therefore owed a duty to regularly inspect the property for defects and hazards and to correct same; and that Appellees' negligent breach of their duties caused him to sustain injuries. As further detailed in his complaint:

> 4. . . . [T]he [Appellees] caused or allowed to exist a defective and dangerous condition at the entrance to the hospital, in the form of an uneven surface due to a dislodged cobblestone; failed to regularly and properly inspect the property for such hazards; and failed to warn persons lawfully on or about the premises of the hazard they knew, or with due diligence should have known, to exist.
>
> 5. On June 10, 2020, the Plaintiff, William Travis Boston, parked his vehicle in the front of the hospital in order to walk through the front entrance when he tripped on a raised piece of cobblestone, causing Plaintiff to strike the ground and suffer grievous bodily injury.
>
> 6. As a direct and proximate result of the negligence and carelessness of the [Appellees], the Plaintiff, William Travis Boston, has been caused to incur medical expenses, will be caused to incur medical expenses in the future, has incurred lost wages, is permanently and severely injured, has had his ability to labor and earn money in the future permanently impaired, has endured

-2-

great pain and suffering of body and mind, and will
endure great pain and suffering of body and mind in the
future.

To be sure, Boston received care and treatment at Appellees' hospital
shortly after sustaining his injuries on June 10, 2020. From the face of his
complaint, however, he only took issue with the injury he sustained from his fall
on Appellees' premises – not with the care and treatment he received for his injury.
Notwithstanding, Appellees moved to dismiss his suit based on Kentucky Revised
Statute ("KRS") 411.167, titled: "Certificate of merit for *medical malpractice
actions*." (Emphasis added.) In sum, Appellees contended Boston was required to
file either the indicated "certificate of merit" (or a declaration or affidavit averring
that no such certificate was required) contemporaneously with his complaint; and
that Boston's failure to do so had deprived the circuit court of subject matter
jurisdiction and thus warranted dismissal without prejudice pursuant to Kentucky
Rule of Civil Procedure ("CR") 12.02(a).

Upon consideration, the circuit court agreed and granted Appellees'
motion. This appeal followed.

**STANDARD OF REVIEW**

Whether a court has subject matter jurisdiction over a case is a
question of law, and therefore our review is *de novo*. *Floyd County Bd. of Educ. v.
Ratliff*, 955 S.W.2d 921 (Ky. 1997). Statutory interpretation, the primary focus of

-3-

this appeal, is likewise an issue of law subject to *de novo* review. *See KL & JL Invs., Inc. v. Lynch*, 472 S.W.3d 540 (Ky. App. 2015); *Cinelli v. Ward*, 997 S.W.2d 474 (Ky. App. 1998).

### ANALYSIS

Boston argues the circuit court erroneously determined KRS 411.167 deprived it of subject matter jurisdiction to resolve his premises liability negligence claims. We agree. Our analysis begins with the substance of the statute itself, which provides:

> (1) A claimant commencing any action identified in KRS 413.140(1)(e), or against a long-term-care facility as defined in KRS 216.510 alleging that the long-term-care facility failed to provide proper care to one (1) or more residents of the facility, shall file a certificate of merit with the complaint in the court in which the action is commenced.
>
> (2) "Certificate of merit" means an affidavit or declaration that:
>
> > (a) The claimant has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the claimant or his or her counsel reasonably believes is knowledgeable in the relevant issues involved in the particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence the action;

(b) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by KRS Chapter 413 would bar the action and that the consultation could not reasonably be obtained before that time expired. An affidavit or declaration executed pursuant to this paragraph shall be supplemented by an affidavit or declaration pursuant to paragraph (a) of this subsection or paragraph (c) of this subsection within sixty (60) days after service of the complaint or the suit shall be dismissed unless the court grants an extension for good cause; or

(c) The claimant was unable to obtain the consultation required by paragraph (a) of this subsection because the claimant or his or her counsel had made at least three (3) separate good-faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation; so long as none of those contacted gave an opinion that there was no reasonable basis to commence the action.

(3) A single certificate of merit is required for an action even if more than one (1) defendant has been named in the complaint or is subsequently named.

(4) A certificate of merit is not required where the claimant intends to rely solely on one (1) or more causes of action for which expert testimony is not required, including claims of res ipsa loquitur and lack of informed consent, in which case the complaint shall be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required.

(5) If a request by the claimant for the records of the claimant's medical treatment by the defendants has been made and the records have not been produced, the claimant shall not be required to file a certificate of merit under this section until ninety (90) days after the records have been produced. For purposes of this section, "records" includes but is not limited to paper or electronic copies of dictations, video recordings, fetal heart monitor strips, and imaging studies.

(6) The identity and statements of an expert relied upon in subsection (2) of this section above are not discoverable, except:

(a) When a claim is made under subsection (2)(c) of this section that the claimant was unable to obtain the required consultation with an expert, the court, upon the request of a defendant made prior to compliance by the claimant with this section, may require the claimant to divulge to the court, in camera and without disclosure by the court to any other party, the names of the physicians refusing to consult; or

(b) If any party to an action hereto prevails on the basis of the failure of an opposing party to offer any competent expert testimony, the court may, upon motion, for good cause shown compel the opposing party or party's counsel to provide to the court the name of any expert consulted and any written materials relied upon in executing the certificate.

(7) The claimant, in lieu of serving a certificate of merit, may provide the defendant or defendants with expert information in the form required by the Kentucky Rules of Civil Procedure. Nothing in this section requires the

disclosure of any "consulting" or nontrial expert, except as expressly stated in this section.

In dismissing Boston's premises liability claims against Appellees, the circuit court relied entirely upon its understanding of KRS 411.167(1) – specifically, the statement in that subsection that the "certificate of merit" requirement applies to "any action identified in KRS 413.140(1)(e)[.]"

In turn, KRS 413.140(1)(e) provides: "The following actions shall be commenced within one (1) year after the cause of action accrued: . . . An action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for *negligence* or malpractice[.]" (Emphasis added.) Viewing these words in conjunction, the circuit court reasoned that in *any* type of "negligence" action against a person qualified as a physician, surgeon, or dentist, or against a hospital licensed pursuant to KRS Chapter 216, a plaintiff must provide a certificate of merit with the complaint (or the affidavit or declaration specified in KRS 411.167(4)) or suffer dismissal.

Taken to its extreme, the circuit court's reasoning stands for the following proposition: If, by way of example, a plaintiff sustains injuries due to an automobile accident caused by a physician's negligent driving, or due to a helicopter crash caused by a dentist's negligent piloting, or due to the discharge of a firearm negligently maintained by a surgeon, the plaintiff must, on pain of dismissal, file a certificate of merit or the aforementioned affidavit or declaration

-7-

when suing any of those individuals. Continuing in this vein, the circuit court reasoned a certificate of merit, or the affidavit or declaration was required where, as here, Boston was allegedly injured in a "slip and fall" stemming from a hospital's negligent maintenance of its premises; and that because Boston failed to file one, dismissal was warranted.

With that said, a court's interpretation of a statute must not be guided by a single sentence or word (here, the open-ended word "negligence" incorporated by reference from an entirely different statute) but must look to the provisions of the whole statute in question. *Democratic Party of Kentucky v. Graham*, 976 S.W.2d 423 (Ky. 1998). And, taken in that context, the circuit court's interpretation of KRS 411.167 gives rise to inconsistencies. For example, the circuit court came to believe the certificate of merit requirement set forth in KRS 411.167(1) applied to *any* negligence action against a physician, surgeon, or dentist, or against a hospital licensed pursuant to KRS Chapter 216. Yet, the same provision clearly specifies that with respect to "a long-term-care facility as defined in KRS 216.510," that requirement *only* applies to actions "alleging that the long-term-care facility *failed to provide proper care* to one (1) or more residents of the facility[.]" (Emphasis added.) The circuit court offered no rationale for what it apparently perceived as the statute's disparate treatment of these classes of potential defendants.

The circuit court's interpretation is also at odds with KRS 411.167(5), which provides in relevant part:

> If a request by the claimant for the records of *the claimant's medical treatment by the defendants* has been made and the records have not been produced, the claimant shall not be required to file a certificate of merit under this section until ninety (90) days after the records have been produced.

(Emphasis added.) Under a plain reading of this provision, if the claimant never received care or medical treatment from the defendants, the claimant is never required to file a certificate of merit; nor could a claimant be expected to file an affidavit or declaration to explain why the care or medical treatment the defendants *never rendered* required no certificate of merit. Logically, the same would hold true if "the claimant's medical treatment by the defendants" was not even at issue in the claimant's suit. A different interpretation would lead to absurdity.

However, it is the *title* of this legislation that is most dispositive. To be clear, the title of KRS 411.167 (*i.e.*, "Certificate of merit for medical malpractice actions") plays no role in the legal interpretation of the statute. *See* KRS 446.140. But the title of the Act from which that statute derived certainly does. *See Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 613 (Ky. 2004); *Meyers v. Walter*, 253 S.W.2d 595, 597 (Ky. 1952) ("This construction is further supported by the title of the Act[.]"); *Fayette County Fiscal Court v. Fayette County*, 314 Ky. 595, 236 S.W.2d 455 (1950); *Ingram's Adm'r v. Advance*

-9-

*Motor Co.*, 283 Ky. 87, 140 S.W.2d 840, 841 (1940) ("We have held frequently that in the construction of an Act its title is to be read in connection with it."); *Logsdon v. Howard*, 280 Ky. 342, 133 S.W.2d 60, 62 (1939) ("The meticulous care with which the legislature circumscribed its title to the 1938 act not only sustains the interpretation we have made of the described situation, but it even goes so far as to not admit of any other interpretation."). Additionally, Kentucky's Constitution requires that "[n]o law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title[.]" KY. CONST. § 51.

Here, the title of the Act from which KRS 411.167 derived (*i.e.*, 2019 Ky. Acts ch. 180, § 1 (HB 429) (eff. Mar. 27, 2019)), is "AN ACT relating to medical malpractice." And medical malpractice – as our Supreme Court held well before the enactment of this Act – is a subject markedly different from premises liability negligence. *See, e.g.*, *Caniff v. CSX Transp., Inc.*, 438 S.W.3d 368, 373 (Ky. 2014), explaining:

> [P]ursuant to Kentucky law, in most medical malpractice cases, a plaintiff is required to put forth expert medical testimony to establish the applicable standard of care, any breach that occurred and any resulting injury to the plaintiff. The case at bar is not a medical malpractice case, or any other type of professional negligence case. At its root, this case is a normal "slip and fall" case.

(Internal quotation marks, citations, and footnote omitted.)

-10-

"When in enacting laws the Legislature is presumed to take cognizance of the Constitution, previously enacted statutes and the common law." *Young v. Grauman*, 278 Ky. 197, 128 S.W.2d 549, 550 (1939). Moreover, "if a statute is reasonably susceptible to two constructions, one of which renders it unconstitutional, the court must adopt the construction which sustains the constitutionality of the statute." *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 96 (Ky. 2000) (internal quotation marks and citation omitted). With those principles in mind, it is not reasonable to presume the Legislature intended, when enacting HB 429, for that law to apply to *two* subjects, one of which – premises liability claims – falls well outside the Act's stated title of "AN ACT relating to medical malpractice." Considering what is set forth above, KRS 411.167 only applies to "negligence" actions that could be considered a species of medical malpractice. A normal slip and fall case, such as the one at bar, does not qualify as such and is thus not subject to KRS 411.167.

Notwithstanding, Appellees argue the circuit court's interpretation of KRS 411.167 is consistent with binding precedent from this Court. In that regard, they rely on *Evans v. Baptist Health Madisonville*, 643 S.W.3d 105 (Ky. App. 2022). The plaintiff in that matter, Evans, alleged:

> [S]he visited the hospital on December 27, 2019. She alleged that she sought medical treatment in the hospital's emergency room because she was experiencing seizures and that she continued to experience symptoms

-11-

while in the emergency room.  Evans explained that she was accompanied to the emergency room by her husband and was seated in a wheel-chair so she would not fall. Evans alleged that when she asked to visit the restroom, hospital staff ordered her to walk there.  She alleged that as she walked to the restroom, she suffered a seizure, fell to the floor, and suffered severe injury.  She alleged that hospital staff "knew or with any training whatsoever would have known [Evans] should not have been required to self-ambulate given the symptoms she presented."  She alleged that the negligence of hospital staff was a substantial factor in causing her injuries.

*Id*. at 106.

Ultimately, the trial court dismissed Evans' negligence suit against the

hospital based on CR 12.02 and this Court affirmed, explaining in relevant part:

Evans intended to base her cause of action against the hospital upon the alleged professional negligence of the health care providers involved in her care.  Evans alleged that despite her symptoms, hospital staff negligently instructed her to walk to the restroom, ignoring her protests.  Evans charged that hospital staff "knew or with any training whatsoever would have known [Evans] should not have been required to self-ambulate given the symptoms she presented."

A review of our opinion in *Chamis v. Ashland Hospital Corporation*, 532 S.W.3d 652 (Ky. App. 2017), is instructive.  In *Chamis*, we considered whether expert testimony was needed to establish a hospital's standard of care, its breach of the standard of care, and the resulting injury where the plaintiff alleged that hospital staff negligently allowed her decedent to fall from a bed. In our analysis, we accepted the hospital's position that the matter was not a "slip and fall" case but rather a medical malpractice case due to the nature of the claims – negligence and failure to meet the standard of care.  *Id*.

-12-

at 656. We agreed that expert testimony was required to establish the degree of care and skill expected and that the patient had fallen because hospital staff breached the standard of care. *Id*. at 657. In *dicta*, we noted that determining whether the patient should have ambulated only with the assistance of two persons was an exercise in professional judgment. *Id*. Where the plaintiff alleged that staff members were negligent by failing to take reasonable steps to protect the patient, we specifically held that the matter was not an ordinary negligence case. *Id*.

Regardless of whether we conclude that Evans's action against Baptist Health is one for ordinary negligence or one for malpractice, the circuit court did not err by concluding that the provisions of KRS 411.167 applied. In an action against a hospital for negligence or malpractice, KRS 411.167(1) requires the filing of a certificate of merit. On the other hand, even if we were to conclude that Evans's complaint stated a cause of action for ordinary negligence (for which expert testimony would not be required), the provisions of KRS 411.167(4) would nonetheless still apply. KRS 411.167(4) requires the complaint to be accompanied by an "affidavit or declaration that no cause of action is asserted for which expert testimony is required." No such affidavit or declaration was filed in the trial court.

*Id.* at 108.

Arguing that *Evans* is analogous to the case at bar, the Appellees seize upon our use of the phrases, "slip and fall," "ordinary negligence," and "professional negligence" set forth above, but they ignore the obvious point that distinguishes these cases. In *Evans*, regardless of whether the hospital's alleged "negligence" could have been classified as "ordinary" or "professional," the

-13-

claimant's "slip and fall" injury stemmed not from a hazard on the hospital's premises as here, but from the hospital's care and treatment of the claimant: Evans was allegedly injured due to the hospital staff's exercise (or lack of exercise) of either common-sense or professional judgment regarding her *medical* condition – a quintessential example of medical malpractice or its subspecies, medical negligence. Accordingly, Appellees' attempt to analogize *Evans* to this case lacks merit.

As a final matter, Boston notes he filed a CR 11 motion for sanctions against Appellees for what he regarded as Appellees' frivolous motion to dismiss his negligence claims based upon KRS 411.167; that the circuit court denied his motion in light of how it disposed of this matter; and he asserts that "[a]ccordingly, the Circuit Court should consider [his] motion for sanctions after final judgment." However, Boston's two-sentence statement to this effect stops short of asking this Court to review whether Appellees' underlying arguments – which succeeded below – should have been considered frivolous. To the extent Boston is arguing he is entitled to reassert his CR 11 motion and that the circuit court is entitled to revisit it, nothing in this Opinion should be construed as any prohibition in that regard.

**CONCLUSION**

Considering the foregoing, we REVERSE the May 11, 2023 order of

the Warren Circuit Court dismissing Boston's negligence claims against Appellees,

and REMAND for further proceedings consistent with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Mat A. Slechter
Louisville, Kentucky

BRIEF FOR APPELLEES:

Aaron D. Smith
E. Kenly Ames
Bowling Green, Kentucky

Jonathan B. Blick
Bowling Green, Kentucky