PEOPLE, *ex rel.* VALENTINE, *v.* BERRIEN CIRCUIT JUDGE.

CONSTITUTIONAL LAW—COMMISSION MEN—LICENSE AND BOND.

*A law requiring merchants who sell farm produce upon commission to execute a bond, in the penal sum of $5,000, conditioned for the faithful performance of their contracts, and to pay a license fee, is unconstitutional.

*Mandamus* by the People of the State of Michigan, on the relation of George M. Valentine, prosecuting attorney, to compel Orville W. Coolidge, circuit judge of Berrien county, to vacate an order quashing an information. Submitted June 5, 1900. Writ denied September 24, 1900.

One William B. Thompson was arrested, charged with a violation of Act No. 251 of the Public Acts of 1899, because he had filed no bond and received no license to solicit farm produce for a firm in Chicago. The court quashed the information, holding the law to be unconstitutional. The act is entitled "An act to license and regulate commission men and brokers." The first section of the act reads:

"That every person who shall solicit to receive for sale, for himself or another, or who shall receive for sale, or offer for sale, for another, for hire, or cause the same to be done, any grain, fruits, vegetables, live stock, meats, or poultry, and all other kinds of farm or dairy produce, shall execute a bond in the penal sum of five thousand dollars, running to the people of the State of Michigan, to be approved by the judge of probate in the county where his principal office may be, except as hereinafter provided, with two or more sureties, or by an indemnity company authorized by law to do business in this State, conditioned for the faithful performance of the trust reposed in him as a commission man or broker, and to pay over all moneys to the proper parties coming into his hands by virtue of his agency or trusteeship, by virtue of his receiving the

---

* Head-note by GRANT, J.

goods and produce aforesaid, which shall justly belong to any person. Such bond, when approved, shall be filed with the county clerk of the county where such commission or broker man shall be engaged in business and where he shall have his principal office: *Provided*, that the provisions of this act shall apply only to persons, firms, and corporations who hold themselves out as commission men, brokers, agents, or merchants, and their agents."

Section 2 makes every such commission merchant or broker liable on his bond for all moneys received by him upon the sale of goods and produce committed to his care, and for the faithful performance of his duties. Section 3 prohibits the doing of business without having a certificate from the county clerk or secretary of state, and provides for requiring a new bond when the first shall be deemed insecure. Section 4 provides a penalty of fine or imprisonment, or both, for soliciting goods or produce without such bond and certificate. Section 5 makes it the duty of the sheriff to investigate every complaint made under the act, and to make complaint for violations thereof. Section 6 requires the payment of a fee of five dollars upon making application for a certificate. Section 7 makes every person soliciting without the certificate liable to the owner for the goods and produce for which he has contracted for his principal. Section 8 provides for bringing a suit in any county in the State where the aggrieved person may be, and constitutes the secretary of state the lawful agent of nonresidents for service of process.

The learned circuit judge held the act unconstitutional and void, for the following reasons:

"1. That the title of the act does not express its object.

"2. That the act makes the solicitor liable for the default of the principal.

"3. That the act is indefinite, uncertain, and vague, and the meaning of it cannot be interpreted.

"4. Class legislation.

'5. Its provisions are inconsistent.

"6. That it is repugnant to the interstate commerce law.

"7. That the penalty is so onerous and burdensome that it is in restraint of trade and unjust."

*George M. Valentine, in pro. per.*

*Hammond & Hammond,* for respondent.

GRANT, J. (*after stating the facts*). Acts of this character, when valid, must find a reason for their existence in the police power of the State. The act is not aimed at brokers, in the ordinary meaning of that word. It is not aimed at commission merchants generally. It is aimed solely at commission merchants who engage in the business of selling farm produce for producers upon commission. It provides that such a merchant shall pay a fee and execute a bond, as conditions precedent to doing business. The condition of the bond is the honest and faithful performance of his contracts. The business of buying and selling on commission has existed ever since commerce began. There are and always have been dishonest men engaged in it, as there are and always have been in every other branch of business. There are and always have been dishonest sellers, who will pack their produce in such a manner as to deceive. It would be as reasonable to require the latter to give bond to properly pack their produce. In every such case the common law provides an ample remedy for redress to the injured party for breach of contract. There is no more reason why a commission merchant should pay a license fee, and execute a bond to pay his debts and to do his business honestly, than there is that any other merchant should pay a like fee, and file a like bond to properly do his business and pay his debts. The business requires no regulation, any more than any other mercantile pursuit. There is nothing in it hostile to the comfort, health, morals, or even convenience, of a community. It is carried on by private persons in private buildings, and in a manner no different from that in which the merchant selling hardware or groceries or dry-goods carries on his business. The law can find no support in the police power inherent in the State. It is not like the liquor traffic, which, under the decisions of every court, is subject to the police power,

because of the injury it does to the health, morals, and peace of the community, and may be prohibited altogether. Neither is there anything in it requiring regulation, as do hack-drivers, peddlers, keepers of pawnshops, and the like. The legislature of this State is not empowered by the Constitution to regulate contracts between its citizens who are engaged in legitimate commercial business, or to require any class of persons to pay a fee for the right to carry on business, or to give a bond to perform their contracts which other parties may choose to make with them. The Constitution guarantees to citizens the right to engage in lawful business, unhampered by legislative restrictions, where no restrictions are required for the protection of the public. We are compelled to hold this law void, because (1) it is class legislation, and (2) it is an unjustifiable interference with the right of citizens to carry on legitimate business.

It is unnecessary to discuss the other questions raised. The writ is denied.

The other Justices concurred.