# Toney v. The State.

*Petition for Habeas Corpus.*

1.  *Constitutional law; statute punishing violation of labor contract unconstitutional and void.*—The act of the Legislature approved March 1, 1901, making it a misdemeanor for any person, who has contracted in writing to labor for or serve another for any given time, to leave the service of said person before the expiration of such contract and without the consent of said employer, and to make a second contract of similar nature or character with another person, without giving such second employer notice of the existence of the first contract, (Acts of 1900-1901, p. 1208), is unconstitutional and void.

Appeal from an Order of a Judge of Probate.

Heard before the Hon. H. T. Benton.

The proceedings in this case were had upon a petition filed by one Columbus Toney, addressed to Hon. H. T. Benton, Judge of the Probate Court of Russell County, in which the petitioner avers that he was unlawfully restrained of his liberty under and by virtue of a warrant of arrest issued by the Judge of the County Court

of Russell County, charging the petitioner with the offense of "violating a written contract, and making a second contract, either parole or written, of a similar nature or character, to the aforementioned contract, with a different person, without first giving notice to such person of the existence of the said first contract, and without sufficient excuse," etc., in violation of an act of the general assembly of Alabama, approved March 1st, 1904; and that the act under which said warrant of arrest was issued is unconstitutional and void. Prayer of the petition was for the issuance of a writ of *habeas corpus* directed to the sheriff of Russell County, and that upon the return of said writ the petitioner be discharged.

In answer to the writ of *habeas corpus* which was issued upon the filing of the petition, the sheriff set forth the facts that petitioner had been arrested under a warrant of arrest issued by the judge of the county court, as averred in the petition, and that said warrant was issued upon a complaint or affidavit which was made, charging the petitioner with the offense described in the petition, and that the acts with which the petitioner was charged were in violation of the general assembly approved March 1st, 1901, and set forth in the Acts of 1900-01, page 1208. Upon the submission of the cause, the judge of probate adjudged and decreed that the act under which the petitioner was arrested and imprisoned, was constitutional and ordered that petitioner be remanded to the custody of the sheriff of Russell county.

From this judgment the petitioner appeals and assigns the rendition thereof as error.

FRANK M. deGRAFFENREID, for petitioner.—The Act under which the appellant in this case is sought to be prosecuted is unconstitutional and void. It is in violation of sections 1, 21, and 37, of Art. I, of Const. of 1875, Art. I, §§ 1, 21 and 37. The rights granted by this constitutional provision cannot be impaired under the guise and semblance of being regulated. Unequal and partial legislation which secures a right to some favored class or classes, and denies it to others, is unconstitutional.— *S. & N. Ala. R. R. Co. v. Morris,* 65 Ala. 193. The penalties of the acts in question are aimed at the employee. It

seeks to punish the act of one of the contracting parties
by which he fails or refuses to perform his duties under
the contract. Such act is not constitutional.—*Joseph v.
Randolph*, 71 Ala. 499; *Tarpley v. The State*, 79 Ala.
271; *Driscoll v. The State*, 77 Ala. 84; *Ex parte Hardy*,
68 Ala. 303.

MASSEY WILSON, Attorney-General, for the State.
The act in question on this appeal was passed in the exer-
cise of the right which the legislature had under the
constitution; and is valid. "Farm laborers, the class
referred to in the act, have been under the regulation of
the legislature for many years. An employer is entitled
to the protection of the statute in dealing with his labor-
ers. The statute is a wise one and should be upheld."
*Tarpley v. State*, 79 Ala. 272; *Murrell v. State*, 44 Ala.
367.

SHARPE, J.—Authority for the warrant under which
petitioner is imprisoned, does not exist unless in an Act
approved March 1, 1901 (Acts 1900-01, p. 1208), which
purports to apply in Russell and other counties of this
State and which declares "That any person who has
contracted in writing to labor for, or serve, another for
any given time, or any person who has by written con-
tract leased or rented land from another for any speci-
fied time, or any person who has contracted in writing
with a party furnishing the lands, or the lands and
teams to cultivate it, either to furnish the labor, or the
labor and teams to cultivate the land, with stipulations,
express or implied, to divide the crops between them in
certain proportion, and who before the expiration of
such contract and without the consent of the other party,
and without sufficient excuse, to be adjudged by the
court, shall leave such other party, or abandon said
contract, or leave or abandon the leased premises, or the
land furnished as aforesaid, and who shall also make
a second contract, either parol or written, of a similar
nature or character to any of said aforementioned con-
tracts, though differing in some particulars in the terms,
stipulations or period of time, with a different person,
without first giving notice to such person of the existence

of the said first contract, shall be guilty of a misdemeanor, and on conviction be fined not exceeding fifty dollars, or sentenced to hard labor for not exceeding six months, one or both," etc. This enactment cannot operate consistently with the guarantees of equality, liberty, and property, made by the Federal and also by the State Constitution. In the State Constitution as it existed when this act was passed and as it now exists, "life, liberty and property" are enumerated as being among the inalienable rights of all men, and to protect the citizen in the enjoyment of "life, liberty and property" are declared to be the sole object and only legitimate end of government. In the Fourteenth Amendment to the Federal Constitution it is declared: "No state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law." In interpretation of this, it was said in *Allgeyer v. Louisiana*, 165 U. S. 578, 579: "The liberty mentioned in the amendment means not only the right of the citizen to be free from the mere physical restraint of his person as by incarceration, but the term is deemed to embrace the right of the citizen to be free in the enjoyment of all his faculties; to be free to use them in all lawful ways; to live and work where he will; to earn his livelihood by any lawful calling, to pursue any livelihood or avocation and for the purpose to enter into all contracts which may be proper, necessary and essential to his carrying out to a successful conclusion the purposes above mentioned." In support of that interpretation the court rendering it quoted approvingly from the opinion of Justice BRADLEY in *Butcher's Union Co. v. Crescent City Co.*, 111 U. S. 746, the following: "The right to follow any of the common occupations is an inalienable right. It was formulated as such under the phrase 'pursuit of happiness' in the declaration of independence which commenced with the fundamental proposition that all men are created equal, that they are endowed by their creator with certain inalienable rights; that among these are 'life, liberty and the pursuit of happiness,' this right is a large ingredient in the civil liberty of the citizen." I

[Toney v. The State.]

hold that the liberty of pursuit—the right to follow any of the ordinary callings of life—is one of the privileges of a citizen of the United States."

The court further said in *Allgeyer's Case, supra*: "In the privilege of pursuing an ordinary calling or trade and of acquiring, holding and selling property must be embraced the right to make all proper contracts in relation thereto," etc. On the same subject the court said in *State v. Goodwill,* 33 Va. 179; 25 Am. St. Rep. 863 : "A person living under the protection of this government has the right to adopt and follow any lawful industrial pursuit not injurious to the community which he may see fit. And as incident to this is the right to labor or employ labor, make contracts in respect thereto upon such terms as may be agreed upon by the parties," etc. In the same case it was said : "The right to buy and sell property, and contract in respect thereto including contracts for labor—which, as we have seen, is property—is protected by the Constitution. If the legislature, without any public necessity has the power to prohibit or restrict the right of contract between private persons in respect of one lawful trade or business, then it may prevent the prosecution of all trades, and regulate all contracts." The principles so announced are by the above cited and other authorities recognized as correct. See *Commonwealth v. Perry,* 155 Mass. 117; 14 L. R. A. 325; *People v. Berrien Circuit Judge,* 124 Mich. 664; 50 L. R. A. 493; *Chicago v. Netcher,* 183 Ill. 104; 75 Am. St. Rep. 93; 48 L. R. A. 261.

Occupations there are in which the public have such interest as will make them subject to statutory regulation or even prohibition. The constitutional provisions referred to were not designed to interfere with the States' police powers; and within the limits set by the Constitution, State and Federal, the legislature is free to determine what subjects are proper to be legislated upon in conservation of order, morals, health and safety; but a constitutional right "cannot be imposed or destroyed under the guise or device of being regulated." *South & North Ala. R. Co. v. Morris,* 65 Ala. 193; *Joseph v. Randolph,* 71 Ala. 499.

[Toney v. The State.]

The act in question purports to prohibit the employee and renter to make contracts of the kind he may have abandoned except under one of three alternative conditions. The first of these, the employer in the case of the employe, or the landlord in the case of the renter, could, by withholding his consent, render unavailable; the second—the existence of an excuse for the abandonment to be judged of by the court—could never be known to be available except at the risk of, and at the end of, a criminal prosecution; the third, that of giving notice of the existing contract would tend to prevent the making of a similar contract with a new employer or landlord, and this for reasons which are obvious, if regard be had to the risk of prosecution to which such new employer or landlord would be subject under another act *in pari materia* with this and approved on the day before the approval of this act. Acts, 1900-01, p. 1225,

If the conditions prescribed by this act can be validly imposed, the door is open for the imposition of others more onerous. "Questions of power do not depend on the degree to which it may be exercised. If it may be exercised at all, it must be exercised at the will of those in whose hands it is placed.—*Brown v. Maryland,* 12 Wheat. 419.

Because of the restrictions it purports to place on the right to make contracts for employment and concerning the use and cultivation of land, this act is wholly invalid. Whether a like conclusion might be reached upon other considerations urged in the brief for petitioner, it is unnecessary to consider.

A forceful opinion opposed to the constitutionality of this act was recently rendered by Judge JONES, and is reported in 123 Federal Reporter (D. C.; Peonage Cases) 671.

The act for which petitioner is held was not a criminal offense and, therefore, the judgment appealed from will be reversed and it will here be ordered that the petitioner be discharged from custody.

Reversed and rendered.