## Ragsdale v. Commonwealth.

(Decided September 29, 1922.)

### Appeal from Calloway Circuit Court.

1. Parent and Child—Abandonment of Child.—Under the provisions of section 331i-1, Kentucky Statutes, even if a parent lawfully leaves his infant child, and thereafter it is destitute and dependent and he then wilfully fails to support and provide for it, he is nevertheless guilty of abandonment of the child within the meaning and spirit of that statute, it being the humane purpose to enforce the recognition of his natural duty to support the child by providing a penalty for the failure to do so.

2. Parent and Child—Abandonment of Child.—The fact that friends and relatives may prevent the deserted child from suffering or want is no defense to the delinquent father under the statute.

3. Parent and Child—Abandonment of Child—Evidence of Former Wife.—Evidence of a former wife as to her former husband's abandonment and failure to provide for their child since the granting of a divorce between them, was competent against him, and any incompetent evidence of the wife as to transactions between them while they were man and wife was immaterial and not prejudicial.

4. Parent and Child—Abandonment of Child—Instructions.—An instruction on the question of reasonable doubt practically in the language of section 238 of the Criminal Code is sufficient.

JOHN G. LOVETT and JOE L. LANCASTER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted under the provisions of section 331i-1, Kentucky Statutes, charged with the desertion and abandonment of his infant child under the age of sixteen years, leaving the same in destitute or indi-

gent circumstances and without making provision for its board, clothing and proper care.

On his trial he was found guilty, and the trial court having declined to give him a new trial, he has appealed. He complains, (1), that the court erred to his prejudice in refusing a directed verdict of not guilty; (2), that incompetent evidence was admitted against him, and (3), that the third instruction given was erroneous and prejudicial.

The essential facts are undisputed, and they are that appellant, then a young man twenty-two years of age, and Lovie Bogard, a young woman then eighteen, were in August, 1918, married; that about one month before they were married there was born to the girl a female child of which he was the father; that before his marriage appellant had been called in the draft to go into the United States army and participate as a soldier in the world war, and this fact was known to his wife at the time of the marriage; that neither of the young people had any property whatever, and immediately after their marriage and on the same day they were taken by his mother to her home; that they remained at her home only one week, but during that week he had been called to answer the draft and was required to report for that purpose just one week after his marriage, and that fact was made known to his wife; that on the morning of the day he was required to leave, his wife called over the phone her brother and asked him to come for her, which he did and took her and the child to her father's home in the neighborhood.

It is satisfactorily shown that at the time of her departure from the home of his mother she said in substance that she was going to her father's home to stay and did not expect to come back, although the evidence shows that appellant had requested his mother to take care of and provide for his wife and child during his absence in the army, and she had agreed to do so, and his wife was cognizant of these facts. She left his mother's home on the same day, but prior to the time he left to go into the army.

He remained in the army for about ten months and during that time sent no money or made other provision for his child, but did send money to his mother, and when he was discharged at the expiration of about ten months he returned to his home and has never since made any provision whatsoever for the support of his child.

His wife remained at the home of her father and she and her child were supported by him until December, 1921, at which time she remarried, she and appellant having been divorced in the meantime.

It is the natural duty of a man, independent of all law and any statutory enactment, to support, provide for and protect his infant child, and it was the humane purpose of this statute to enforce recognition of that natural duty by providing a penalty for the failure to fulfill it.

It is argued for appellant that the evidence fails to show any desertion or abandonment of his child as contemplated by the statute, because his leaving was not voluntary, but was compulsory and under command of the law and at the call of his country; that he did all he could have done in his circumstances to provide for his wife and child during his absence in the army by arranging with his mother to provide for and take care of his child in his absence in the army.

If the period of his neglect and abandonment only covered the time during his absence in the army, there would be much force in this argument, and undoubtedly it would appeal to any court or jury in determining his guilt or innocence. But the undisputed evidence is that he returned from the army in June, 1919, and has never, up to the trial of this case in the lower court in August, 1922, made any provision whatsoever for the support and maintenance of his child.

It is said there could be no desertion or abandonment within the meaning of the statute which was compulsory and not voluntary, and that, therefore, he is not shown by the evidence to have been guilty of the statutory offense; but this argument overlooks the recognized rule of law applied in construing such statutes, that even where a parent lawfully leaves his child and thereafter it is destitute and dependent, and he then wilfully fails to support and provide for it, he is nevertheless guilty of abandonment.

So that in this case even if there was a lawful leaving of the child by her father because of the compulsory processes of the United States government and its laws, still when he returned to his home and thereafter wilfully failed to make proper provision for his child he was guilty of abandonment within the meaning and spirit of that statute. 29 Cyc. 1667; 20 R. C. L. 623; Brown v. State, 122 Ga. 568; Hunter v. State (Okla.), 1915A, L. R. A. (N. S.)

564, and an extensive note to the last case reviewing the authorities upon this subject.

It is also argued by counsel that as the evidence shows that at no time since appellant went into the army has the child been destitute, but on the contrary shows it has at all times been well provided for by the wife's relatives, that the case has not been made out against him and under the terms of the statute he was not guilty, and reliance is had upon the case of West v. Commonwealth, 194 Ky. 536, as sustaining this view. But a careful reading of that opinion will disclose that it only held that in a case where the children were left with the mother and there is no evidence of the fact that neither she nor her children had ample means of support out of property of their own, there was a failure to make out the case showing the children to be in indigent or destitute circumstances. In that opinion the court refers to the case of Commonwealth v. Donovan, 187 Ky. 780, and in that case it was specifically held that the fact that friends and relatives may prevent the deserted child from suffering is no defense for the delinquent father.

From these considerations it is clear the lower court did not err in overruling appellant's motion for a directed verdict.

It is complained that the evidence of the wife against the husband as to transactions between them during the marriage relation was incompetent and the case of West v. Commonwealth, 194 Ky., above referred to, is relied upon in support of that view. That case does hold that certain evidence of the wife was incompetent for the reason that it was not made to appear there that the parties had ever been divorced; but in this case the evidence is the parties had long since been divorced before the trial, and the evidence of the wife as to his abandonment and failure to provide since the granting of the divorce was competent against him. And even if it had not been, there was ample evidence outside of hers to sustain the conviction. Therefore, any incompetent evidence given by her as to the transaction between them while they were man and wife was immaterial and not prejudicial.

The third instruction complained of is as follows: "That the law presumes the defendant to be innocent until proven guilty, and if you have a reasonable doubt of his having been so proven, you shall acquit him.

The complaint of the instruction is that it does not say to the jury that if they have a reasonable doubt of his

having been proven guilty "by the evidence" or "under the evidence," they should acquit him.

The instruction, however, is practically in the language of section 238 of the Criminal Code and being so has been often held by this court to be sufficient.

Perceiving no error prejudicial to appellant's substantial rights, the judgment is affirmed.