## Gravitt v. Commonwealth.

(Decided January 17, 1930.)

C. F. SPENCER for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Edward Gravitt was indicted in the Clark circuit court under section 331i-1, Kentucky Statutes, 1928 Supplement, for deserting his infant children under the age of 16 years and, upon his trial, was convicted and sentenced to the penitentiary for a term of two years. The statute under which he was indicted reads, in part: "The parent of any child or children residing in this Commonwealth who shall leave, desert or abandon said child or children under the age of sixteen years, leaving said child or children in destitute or indigent circumstances and without making proper provisions for the board, clothing, education and proper care of said child or chil-

dren in a manner suitable to the condition and station in life of said parent and said child or children, . . . shall be guilty of a felony.'' The indictment failed to allege that the abandoned children resided in this commonwealth. A demurrer to the indictment was overruled by the trial court, and of this appellant complains.

An indictment must allege every material fact going to constitute the offense charged with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case. Section 122, Criminal Code. One of the facts necessary to constitute the offense denounced by section 331i-1 is the residence in this commonwealth of the abandoned children which must be proved before a conviction can be had. The children whom the parent is charged to have abandoned must be residents of this state before the parent deserting them becomes subject to prosecution under the statute. Commonwealth v. Donovan, 187 Ky., 779, 220 S. W. 1081. As said in Adams Express Co. v. Commonwealth, 177 Ky. 449, 197 S. W. 957, 958, ''It is a fundamental rule of pleading, so universally understood as to require no reference to authorities, that a fact necessary to be proven must be alleged in the pleading, and this rule applies to criminal as well as civil proceedings.'' Residence of the abandoned children in this state being a fact necessary to constitute the crime charged, the indictment was defective in failing to allege this fact and the court erred in failing to sustain the demurrer thereto.

Instruction No. 1 of which appellant complains followed the language of the indictment, but was erroneous in that it also failed to contain any reference as to the residence of the abandoned children.

Appellant also insists that the verdict is not sustained by the evidence. Appellant's wife was permitted to testify for the commonwealth over his objection. This evidence was competent and was properly admitted. Section 606, Civil Code. With the testimony of the wife there was sufficient evidence to sustain the verdict.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial.