## Commonwealth v. Scott.

May 31, 1949.

538

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, Alvin Lisanby and Zeb A. Stewart, Assistant Attorney General, for appellant.

Carroll Franklin for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Herbert Scott was indicted for the offense of abandoning his infant children under sixteen years of age without complying with the judgment of the Hopkins Circuit Court divorcing him from his wife and ordering him to pay $100 per month for the support of these children, an offense denounced by KRS 435.240(3) as amended by the General Assembly at its 1946 session, Chapter 90, page 211. A general demurrer was sustained to the indictment and the Commonwealth appeals under sec. 335 of the Criminal Code of Practice for a certification of the law.

In a concise and well-considered opinion the circuit court decided the 1946 amendment was unconstitutional because it ran afoul of that part of sec. 51 of our Constitution which provides:

"No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The first subsection of KRS 435.240 makes it a felony for the parent of any child under sixteen years of age residing in this State to abandon and leave the child in a destitute condition without making proper provision for its support and education. This first subsection also makes it a felony for a husband to abandon a pregnant wife without making suitable provisions for her support. Subsection 2 of this statute authorizes the

trial judge to postpone the trial of the case, or to suspend judgment after conviction, during the good behavior of the accused or convicted person.

The 1946 amendment appears in KRS 435.240 as subsection 3. It is not long and we here insert the title and the Act in full as it appears in the Acts of 1946, Chapter 90, page 211.

"An Act relating to the abandonment of a child under sixteen, and amending Section 435.240 of the Kentucky Revised Statutes by adding a subsection thereto relating to the desertion of such child after a judgment of divorce.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"1. That Section 435.240 of the Kentucky Revised Statutes be amended by adding thereto an additional section, to be known as Subsection 3, which shall provide as follows:

"If a divorce has been granted by a court of competent jurisdiction, and the parent of any child under the age of sixteen years shall desert or abandon such child, without complying with the orders of the court as set forth in the judgment granting said divorce relative to the custody or support of said child, or if such parent having custody of such child under the orders of said court shall abandon and desert said child, or if a parent, not having custody of said child, shall take and carry away said child from the custody of the parent to whom the custody of such child was awarded by said judgment of divorce, without the consent of the parent having such custody, the parent so doing shall be deemed guilty of a felony and shall be confined in the penitentiary for not less than one nor more than five years.

"2. All laws or parts of laws in conflict herewith are hereby repealed."

It will be noted that the title to the 1946 Act expressly states it is amending KRS 435.240 by adding a subsection thereto relating to the desertion of a child after judgment of divorce, and the first paragraph in the body of the Act states the amendment, or additional section, shall be known as subsection 3 of KRS 435.240.

Manifestly, the General Assembly intended to, and did, amend KRS 435.240—both the title and the Act state that this section be amended. Therefore, to comply with sec. 51 of the Constitution it was incumbent upon the Legislature to re-enact and publish KRS 435.240 in its entirety, including subsection 3 which was added thereto by amendment. Board of Penitentiary Commiss'oners v. Spencer, 159 Ky. 255, 260, 166 S. W. 1017; Rash v. Louisville & Jefferson County Metropolitan Sewer District, 309 Ky. 442, 217 S. W. 2d 232.

The instant case is nearly parallel with the Spencer opinion. There, as here, both the title and the Act recite the statute was to be amended by adding a section. It was argued in the Spencer case that the sufficiency of the Act is not to be measured by Sec. 51 but that the title, as well as the Act, should be treated as new legislation. It was written in the Spencer opinion that a conclusive answer to that argument was that the Legislature did not treat the Act as new legislation, but styled it as an amendment. The Legislature said in so many words it intended to, and did, amend the Act of 1898. In the legislation we are now considering the General Assembly plainly stated both in the title and in the body of the Act it was amending KRS 435.240.

As we said in the Spencer opinion, 159 Ky. 255, 260, 166 S. W. 1017, the Constitution is not a technical instrument and should not be so construed as to defeat the substantial purpose of its adoption, but it is the duty of this court to prevent the ignoring of that instrument by individuals, departments of government and the General Assembly. And when it is clear that the Constitution has been ignored or disregarded, this court must so hold, although we are reluctant to set aside an act of the General Assembly and only do so when there is no doubt in our minds as to its unconstitutionality. Judge John D. Carroll was a prominent member of the Constitutional Convention and in writing the Spencer opinion he sets out five rules relative to the publication of an Act when it is amended as required by sec. 51.

It appears to us that his fourth rule, which he refers to as "d" 159 Ky. 255, 166 S. W. on page 1023 of the Spencer opinion, is applicable here.

"(d) when the new act purports to amend an exist-

ing act by extending, revising, or amending it, and no particular section or part of it is specified, then the body of the new act must set forth the whole of the existing act as it will appear when extended, revised, or amended; but, if only a section or several sections of an act are extended, revised, or amended, it is only necessary to specify and republish the section or sections that are extended, revised, or amended.''

The 1946 amendment we are now considering purported to amend KRS 435.240 by reference to its title and without republishing any part of it except that subsection which the amendment added. This is the very vice which sec. 51 attempts to prevent. Without having the other two subsections of the statute before them the members of the General Assembly could not know what they were voting on when they passed this amendment as the third subsection to the statute. Judge Carroll said in the Spencer opinion that the proper way to amend a statute by adding to, taking from or extending its provisions, is to set forth in the amendment the law as it will read when revised, amended or extended. As so amended, the law must be republished.

The Commonwealth argues there is a well-recognized exception to the rule that a law when amended must be published in its amended form, which is that when the amendatory act is complete within itself and will stand alone as a new law without reference to the act it is amending, then only the amendment, and not the law it is amending, need be published, citing Clark v. Com., 209 Ky. 184, 272 S. W. 430. True, this is the correct rule. But the Clark opinion held that the General Assembly there created a new and distinct offense and did not attempt to amend the grand larceny statute. See Edrington v. Payne, 225 Ky. 86, 7 S. W. 2d 827.

The amendment before us is not complete in itself but must be read in conjunction with the first two subsections of KRS 435.240 in order to be put into effect. In the first place, the first subsection of the statute under consideration recites that the deserted child must be residing in this State for the parent to be guilty. Gravitt v. Com. 232 Ky. 432, 23 S. W. 2d 555. Here, the amendment makes no reference to the child being a resident of this State, although the indictment in the present in-

stance does set out that the children are residents of Kentucky. The draftsman of the indictment evidently had in mind the first subsection of the statute. In the second place, subsection 2 of the involved statute authorizes the trial judge to postpone the trial and to suspend the judgment of conviction during good behavior of the accused or convicted person, which is not mentioned in subsection 3, the amendment. In the third place, the first subsection refers to an indigent child, while the amendment makes it a felony not to comply with the divorce judgment relative to any child under sixteen years of age. Let us suppose a rich woman were given the custody of infant children under sixteen and the father in the divorce judgment were ordered to contribute toward the support of the children and he failed. In such an instance should not the trial judge consider subsections 1 and 3 together? It is self-evident he should. To our minds it is manifest that the amendment cannot stand alone as a new law but the Legislature intended to, and did, make it amendatory to subsections 1 and 2 of the involved statute; therefore, it was necessary under sec. 51 of our Constitution that KRS 435.240 as amended be re-published in its entirety.

To summarize, the court is of the opinion that in adding subsection 3 to KRS 435.240 the General Assembly amended that statute, as was stated in the amendatory Act of 1946, which amendment is unconstitutional for the reason that the statute was not republished as provided by sec. 51 of our Constitution. This is certified as the law, and the judgment is affirmed.