## Rednour v. Commonwealth.

April 25, 1950.

H. F. S. Bailey, Judge.

Raymond B. Dycus for appellant.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Reversing.

Jesse M. Rednour was sentenced to one year in prison for child desertion under KRS 435.240(1).

The grounds urged for reversal are (1) the indictment was fatally defective because it failed to allege that the deserted children were residents of the State; and (2) Rednour was entitled to a peremptory instruction, because the evidence was insufficient to show that the children were left in indigent and destitute circumstances.

We think the evidence was amply sufficient to support the verdict. Witnesses for the Commonwealth said Rednour failed to provide for his four children, the oldest of whom was 12 years of age at the time of the aban-

donment, and that neighbors were called upon to help support them. Mrs. Rednour said that, while Rednour gave her a little money for groceries at times, the children were supported principally by money she earned while doing washing and housework.

We have reached the conclusion that the judgment must be reversed because of a fatal defect in the indictment. The statute in question relates specifically to children residing in the State. The first part of it reads: "The parent of any child residing in this state who leaves, deserts or abandons a child under the age of sixteen years, * * *." The indictment did not allege that the children were residents of the State. The same question was presented in the case of Gravitt v. Commonwealth, 232 Ky. 432, 23 S. W. 2d 555, 556. In that case it was said: "* * * Residence of the abandoned children in this state being a fact necessary to constitute the crime charged, the indictment was defective in failing to allege this fact and the court erred in failing to sustain the demurrer thereto."

Vigorous arguments are advanced by the Commonwealth in support of its contention that the residence of the deserted children does not constitute an element of the crime, and therefore the ruling in the Gravitt Case is erroneous. We think, however, the ruling in that case is correct.

Judgment reversed, with directions to sustain the demurrer to the indictment.