## CORNETT v. COMMONWEALTH.

Court of Appeals of Kentucky.

Sept. 26, 1952.

S. M. Ward, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is by Kinnerd Cornett from a conviction of child desertion with a penalty of imprisonment for two years.

Both the accusatory and the descriptive portions of the indictment mix the language of KRS 435.240(1), which makes it a felony for a parent to desert or abandon a child and leave it destitute, and the language of KRS 435.240(3), which makes it a felony for a parent, among other things, to fail to comply with a judgment in a divorce action which provides for the maintenance or support of a child. The references in the indictment to the failure to comply with a judgment, however, are not sufficient to state a charge under subsection (3) of the Statutes and must be considered as surplusage. The remainder of the indictment seems to be good under KRS 435.240(1).

Subsection (1) of the statute, in substance and effect, has been the law for many years. An Act of 1946, which was quite like subsection (3), was held not to have been passed in the manner prescribed by the Constitution and was, therefore, void. Commonwealth v. Scott, 310 Ky. 537, 221 S.W. 2d 64. In 1950, c. 181, the General Assembly enacted the present subsection (3) of KRS 435.240 as an amendment.

We reserve a decision as to the constitutionality of the act since it is not necessary.

The evidence is, in short, that the defendant abandoned his wife before the birth of his child and moved to another county. He was served with a summons in a divorce action but made no response. His defense in this prosecution was that he had no knowledge of the judgment which required him to pay $25 a month for the maintenance of the child.

The instructions follow the language of subsection (3) of the Statute and the evidence. The Attorney General concedes the error, for it is elementary that instructions should follow substantially the language of the indictment. Instructions to Juries, Stanley, Sec. 767. Since the indictment, properly construed, charged only the crime described in KRS 435.240(1), the instructions should have been in accord therewith.

Judgment reversed.