STATE, Plaintiff, v. SCHRECKENGOST, Defendant.

Municipal Court, Akron.

No. 284513.   Decided June 10, 1960.

*Mr. Max Rothal,* for plaintiff.
*Mr. Stanley B. Schneiderman,* for defendant.

For further history see *Omnibus Index* in bound volume.

KOPLIN, J.   This cause came on to be heard upon the motion of the defendant seeking an order of dismissal and discharging the defendant on the grounds of lack of jurisdiction.

The court finds that the alleged bigamous marriage as set forth in the affidavit was contracted on the 3rd day of August, 1957, in the State of Indiana.   The affidavit charges the de-

fendant with violating the statute of the State of Ohio relating to bigamy, the statute in question being Section 2905.43, Revised Code. This statute provides:

"No person, having a husband or wife, shall marry another person.

"Whoever violates this section is guilty of bigamy, and shall be imprisoned not less than one nor more than seven years. This section does not apply to a person whose husband or wife has been continuously absent for five years next preceding such marriage without being known to such person to be living within that time."

The sole question before the court is whether the act of marriage in the State of Indiana while the spouse by a former marriage is still living and the former marriage is still in effect, has there been a crime committed within the above section of the Revised Code?

Ohio is a statutory state in so far as criminal charges are concerned. The first question to be decided in any criminal case is that of venue. I believe it to be basic that in order to charge the offense of bigamy and to prosecute one on such a charge, that the same can be done only in the county or court district in which the offense of bigamy was committed. It is admitted in the instant case that the offense of bigamy was committed in Indiana. Accordingly, we must reach the conclusion that when a person marries a second time while his first spouse is still living and the first marriage is still in full force and effect, and participates in a second marriage performed in the State of Indiana, such a person cannot be prosecuted in the State of Ohio for violation of Section 2905.43, Revised Code.

The words of the statute in question are clear and definitely unambiguous. Words could not be used in the instant case that more clearly express the underlying principle that the act of bigamy must take place in the State of Ohio before the Ohio law would be applicable.

The law in question makes no reference as to cohabitation between the parties as being an offense under this particular section. In some jurisdictions it has been held that cohabitation would give rise to criminal prosecution where there is an existing valid first marriage of one of the parties. However, the Ohio law does not contain a charge, nor would this affidavit

be of any value as to a charge that the defendant continued to cohabit with his second spouse in the State of Ohio.

In our own state, in the case of *Carmichael* v. *State*, 12 Ohio St., 553, a common law marriage furnished the basis for a bigamous indictment when such common law marriage was a second marriage. However, a reading of the syllabus in the *Carmichael case* offers no comfort in the instant case because in the *Carmichael case* the parties thought they were married by one competent to perform a marriage when, in fact, he had no license or authority under the laws of the State of Ohio to so do. The parties therefore, under those circumstances, entered into an open contract of marriage, became husband and wife, and thereafter cohabited as such, and under the Ohio law at that time this constituted a legal marriage as though it had been solemnized by one having authority under the law to so do.

Ohio is not in position to prosecute a person on a charge of bigamy committed in another state. The defendant is entitled to and is hereby released from prosecution of the charges of bigamy.