**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**BASIL AUDAIN, Defendant**

J.D.R. 99-1973

District Court of the Virgin Islands

Div. of St. Croix

November 21, 1973

ATTORNEY GENERAL, St. Croix, V.I., *for plaintiff Government*

HODGE, SHEEN & FINCH, ESQS. (DEREK HODGE, of counsel), Christiansted, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

 This action began in the Municipal Court where the defendant was charged with the crime of desertion and non-support of his three year old child living in St. Kitts (16 V.I.C. § 371(2)). Defendant moved to dismiss on the ground that the complaint failed to charge an offense punishable under the laws of the Virgin Islands because the child in question is a nonresident. The motion was granted but, due to the importance of the issue and a divergence in opinion among the judges of the Municipal Court, this Court assumed jurisdiction of the case by transfer. After a careful consideration of our statute and the law in other jurisdictions, I have concluded that dismissal of the complaint was improper and that the non-residency of a dependent minor child does not preclude a Virgin Islands criminal prosecution for nonsupport against a resident parent.

A preliminary matter has been raised as to the significance of the Uniform Reciprocal Enforcement of Support Act, 16 V.I.C. § 391 et seq., on a determination of the question in this case. It is suggested that enactment of that law indicates that absent such a statute, one state or country would be powerless to enforce the support obligation owed to children living in another. If this were not the case, it is argued, the statute would not have been enacted. While this argument has some logical appeal, I think it is unfounded.

 The remedies provided under the Uniform Act are, by its terms, in addition to and not in substitution for any other remedies. 16 V.I.C. § 393. The fact that the act permits duties of support to be enforced when the person to whom the duty is owed is not present in the state does not mean that, without the statute, the state would lack the power to enforce the support obligation by other means. Indeed, the statute was not enacted to remedy a lack of

276

power but rather a lack of will. Some states had enforced a rule that the duty of support ran only in favor of obligees within the state. Others apparently refused to aid non-resident dependents out of indifference. 23 Am.Jur.2d § 133. The Uniform Act was designed to overcome this attitude displayed by certain jurisdictions and to provide one set of procedures for enforcing support obligations where more than one state was involved. But the existence of the act should not and does not exclude the alternative remedy of criminal prosecution for nonsupport. State v. James, 100 A.2d 12, 17 (Md. 1953); State v. Greenberg, 109 A.2d 669, 673 (N.J. 1954). And the scope or extent of the criminal remedy (in particular its ability to reach resident parents with nonresident children) is not to be determined by implication from what the legislature chose to specifically state in the Uniform Act.

In interpreting our desertion and nonsupport statute, it is useful to refer to similar laws in other jurisdictions. Of substantial significance is the fact that several states specifically require the residence or presence of the child as a precondition to exercising jurisdiction over the parent in a nonsupport action. Under these circumstances "the fact that the child must live in th[e] state becomes a material element of the offense." Groenendyk v. State, 151 N.E. 730 (Ind. 1926) (statute defined crime as willful neglect or refusal to provide for a child "living in this State"); Gravitt v. Commonwealth, 23 S.W.2d 555 (Ky. 1930) (statute making it criminal for "the parent of any child or children residing in this commonwealth" to desert his children). When a nonsupport statute does not provide that the child must be a resident, the question of the statute's reach must turn on general principles of criminal jurisdiction and the language of the law itself.

█ The general rule which defines the power of our legislature to reach criminal conduct is that jurisdiction

277

rests with the place in which the offense is committed. Huntington v. Attrill, 146 U.S. 657 (1892); State v. Schreckengost, 170 N.E.2d 307 (O. Mun. 1960); 21 Am.Jur.2d § 383. Criminal Statutes are, by their nature, local and can have no extraterritorial application. United States v. Nord Deutscher Lloyd, 223 U.S. 512 (1912). Therefore, one cannot be indicted in the United States for his acts in a foreign country. Id. Nor can one country enforce the criminal laws of another. State v. Hall, 19 S.E. 602 (N.C.); State v. Peet, 68 A. 661 (Vt.). Thus, the defendant can be prosecuted in the Virgin Islands only if this is the jurisdiction in which the offense was committed. To determine whether the offense charged occurred—(or is occurring)—in the Virgin Islands it is necessary to examine the statute.

The criminal law under which this defendant was charged provides that the crime is committed by whoever "being a parent, without lawful excuse deserts or willfully neglects or refuses to provide for the support and maintenance of his child under the age of 17 years in destitute or necessitous circumstances." 16 V.I.C. § 371(2). It is important to note, first, that our statute actually states three separate offenses. The use of the word "or" indicates that the government has alternatives when charging a defendant under the section. Proof of desertion can result in criminal liability; or the prosecution can charge refusal to provide support. Although in the normal case, this wording would be of little importance, it becomes increasingly significant when determining if the offense charged was committed within the Virgin Islands.

The crime of desertion is based on a single act which can be localized at one definite place. It is committed at the time the abandonment takes place, even though it is willfully and voluntarily continued thereafter. Gay v. State, 31 S.E. 569 (Ga.); People v. Dimitry, 297 N.Y.S. 1002.

278

The offense of desertion charged in this case, then, occurred, if at all, in St. Kitts. The crime did not take place in the Virgin Islands and it is not punishable under our criminal law.

The offense of willfully neglecting or refusing to provide support is quite different. It is a continuing offense based on the failure to perform a continuing duty. Noodleman v. State, 170 S.W. 710 (Tex. Crim. 1914); 44 A.L.R.2d 886, 892. As such, it may be said to have occurred at the parent's residence or at the place where the child resides, or both. Therefore, where the statute does not require the child to be a resident of the state, it may properly be the basis for a prosecution of the resident parent, despite the child's absence, because the offense *has* occurred within the jurisdiction. In re Alexander, 36 A.2d 361, 366 (Del. 1944); State v. Borum, 178 So. 371 (La. 1937); State v. Peeples, 99 S.E. 813 (S.C. 1919). This is the case with our nonsupport statute and thus it may be invoked against a resident parent who fails to support a child in St. Kitts.

One final point which should be disposed of is the suggestion that before a prosecution under Section 371(2) can be begun, some statutory or court-ordered "duty of support" applicable in the particular case must exist. Because jurisdictional problems might arise in a civil action to order support, such a construction of the criminal act might severely limit its usefulness in cases where nonresident children are involved. However, I need not face this difficulty because I see no such requirement in the statute. If a parent fails to support his child in destitute or necessitous circumstances, the offense is committed. It matters little whether the statute is held to impose a duty, breach of which results in the offense or whether the duty is held to be natural and therefore supports the imposition of penalties. See Dyer v. State, 52 P.2d 1080, 1082 (Okl. Cr. App. 1935).

279

The law is a valid exercise of legislative power and its use in the present case is entirely proper.

## ORDER

For the reasons stated in the above Memorandum Opinion, the Order of the Municipal Court granting defendant's motion to dismiss is hereby REVERSED, and it is further ORDERED that the case be remanded to the Municipal Court for further proceedings in conformance with this Memorandum Opinion.